KAMUS McNAIR, JR., v. MELVIN LEE RICHARDSON.

(Filed 2 May, 1956.)

**1. Automobiles §§ 41c, 42f—**

Conflicting evidence as to which vehicle was to the left of the center of highway when the vehicles, traveling in opposite directions, collided, requires the denial of defendant's motions for judgment of nonsuit.

**2. Negligence § 5—**

The only negligence of legal importance is negligence which proximately causes or contributes to the injury under judicial investigation.

**3. Negligence § 9—**

Foreseeability of injury is a requisite of proximate cause, even though the act complained of be a violation of statute.

**4. Automobiles §§ 6, 46—**

An instruction to the effect that the violation by defendant of certain statutes regulating the driving of motor vehicles upon the highway, and designed for the protection of life and limb, would render defendant liable for any consequences that might flow therefrom as a proximate cause regardless of whether defendant could have foreseen or anticipated injury, must be *held* for prejudicial error, since foreseeability is an essential element of proximate cause even when the act complained of is the violation of safety statute.

Johnson, J., not sitting.

Appeal by defendant from *Phillips, J.,* December Civil Term 1955 of Richmond.

Civil action for personal injuries and property damage resulting from an automobile collision.

The defendant filed answer denying negligence on his part, pleaded contributory negligence of plaintiff, and alleged a counter-claim for property damage.

Six issues were submitted to the jury, who answered the issues of negligence, contributory negligence, damages for personal injuries and property damage in plaintiff's favor. The two issues in respect to defendant's counter-claim were not answered.

From judgment in accord with the verdict, the defendant appeals, assigning error.

*Jones & Jones for Plaintiff, Appellee.*
*Bynum & Bynum and Broughton & Broughton for Defendant, Appellant.*

Parker, J. Plaintiff was driving his automobile in a southeasterly direction on Hatcher Road in Richmond County: the defendant was driving his automobile in a northwesterly direction on the same road. The automobiles were meeting, and collided in the road. The plaintiff offered evidence tending to show that the defendant's automobile came across the middle of the road on to his side, and ran into him. The defendant offered evidence tending to show that the plaintiff's automobile ran into him on his side of the road. The collision occurred 100 feet north of where Hatcher Road intersects another road. It was daytime. The court properly denied the defendant's motions for judgment of nonsuit.

The defendant assigns as error this part of the charge:

"But there is a distinction between the case of an injury inflicted in the performance of a lawful act and one in which the act causing the injury is in itself unlawful, or is at least a willful wrong. In the latter case the defendant is liable for any consequences that might flow from his act as the proximate cause thereof, whether he could have foreseen or anticipated it or not; but when the act is lawful, the liability depends not upon the particular consequence or result that may flow from it, but upon the ability of a prudent man, in the exercise of ordinary care, to foresee that injury or damage will naturally or probably be the result of his act. In one case he is presumed to intend the consequences of his unlawful act,

but in the other, while the act, if lawful, it must be performed in a careful manner, otherwise it becomes unlawful, if a prudent man in the exercise of proper care can foresee that it will naturally or probably cause injury to another, though it is not necessary that the evil result should be, in form, foreseen."

It is a fundamental principle that the only negligence of legal importance is negligence which proximately causes or contributes to the injury under judicial investigation. *Cox v. Freight Lines* and *Matthews v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25; *Smith v. Whitley,* 223 N.C. 534, 27 S.E. 2d 442; *Byrd v. Express Co.,* 139 N.C. 273, 51 S.E. 851.

In *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796, this Court said: "Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery in an action for personal injury negligently inflicted."

It is well settled by our decisions that foreseeability of injury is a requisite of proximate cause. *Davis v. Light Co.,* 238 N.C. 106, 76 S.E. 2d 378; *Cox v. Freight Lines, supra; Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717; *Watkins v. Furnishing Co.,* 224 N.C. 674, 31 S.E. 2d 917; *Montgomery v. Blades,* 222 N.C. 463, 23 S.E. 2d 844; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808; *Beach v. Patton,* 208 N.C. 134, 179 S.E. 446.

In *Ham v. Fuel Co.,* 204 N.C. 614, 169 S.E. 180, the Court said: "All the decisions of this State since *Ledbetter v. English,* 166 N.C. 125, 81 S.E. 1066, concur in the view that the violation of an ordinance or of a statute designed for the protection of life and limb, is negligence *per se.* Notwithstanding, the same decisions do not permit recovery for the mere violation of the statute, unless there was a causal connection between the violation and the injury." See also: *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Holland v. Strader,* 216 N.C. 436, 5 S.E. 2d 311.

*Barnhill, C. J.,* said for the Court in an illuminating opinion in *Aldridge v. Hasty, supra:* "When the action is for damages resulting from the violation of a motor vehicle regulation, does the doctrine of foreseeability apply? We are constrained to answer in the affirmative. Whatever the conflict of decision in other jurisdictions on this question may be, it is uniformly held that to entitle a plaintiff to recover in an action bottomed on the violation of a criminal statute it must be made to appear that the injury or damage complained of was the natural and probable result of such violation. Causal connection between the unlawful act committed and the injury or damage sustained must be

shown; that is to say, proximate cause must be established. And we relate foreseeability to proximate cause as an essential element thereof."

The court in its charge instructed the jury to the effect that a person doing an unlawful act is liable for any consequences that might flow from his act as the proximate cause thereof, whether he could have foreseen or anticipated it or not. The plaintiff's action against the defendant was based upon the defendant's alleged unlawful acts in operating his automobile in violation of certain statutes regulating the driving of motor vehicles upon the highways, and designed for the protection of life and limb. The plaintiff does not contend that the defendant's acts in causing his injury were lawful acts. This instruction removes foreseeability as an essential element of proximate cause, and in substance told the jury that, in plaintiff's action for damages allegedly resulting from the violation or violations of motor vehicle regulations, the doctrine of foreseeability did not apply.

For error in the charge the defendant is entitled to a

New trial.

JOHNSON, J., not sitting.