CLINTON RONALD PITTMAN, BY HIS NEXT FRIEND, ETHEL B. PITTMAN, v. DONALD LEE SWANSON.

(Filed 22 November, 1961.)

1. **Automobiles § 25—**

The standard of care fixed by the Legislature in the operation of motor vehicles is absolute.

2. **Same—**

A violation of G.S. 20-141(c) is negligence *per se.*

3. **Trial § 33—**

It is the duty of the court, even in the absence of request for special instructions, to charge the jury upon all substantive features of the case arising on the evidence, and when both the common law and statutory law are applicable the court must charge upon the statutory as well as the common law, and an instruction applying only the common law to the evidence must be held insufficient. G.S. 1-180.

4. **Same—**

In charging the jury upon statutory law it is preferable for the court to give a simple explanation of the statute rather than read its technical language.

5. **Automobiles § 46— Charge held for error in failing to instruct jury on duty to reduce speed when approaching a curve.**

In this action by a guest to recover for negligent operation of the automobile in which he was riding, plaintiff contended that defendant operated his vehicle around a sharp curve at an excessive speed, proximately causing the accident in suit. *Held:* A charge on the statutory law relating to reckless driving, G.S. 20-140, and the statute relating to speed limits, G.S. 20-141(b), and the duty not to drive at a speed greater than is reasonable and prudent under the existing conditions, G.S. 20-141(a), and the common law duty to exercise the care of an ordinarily prudent man, but failing to charge upon the statutory duty to decrease speed when approaching and going around a curve, G.S. 20-141(c), must be held for prejudicial error in failing to instruct the jury on a material aspect of the law arising upon the evidence.

6. **Negligence § 7—**

Foreseeability is an essential element of proximate cause.

APPEAL by plaintiff from *Pless, J.,* March 1961 Term of BURKE.

Civil action to recover damages for personal injuries.

Plaintiff's evidence is to this effect:

On the night of 7 April 1960 plaintiff, 17 years old, his brother Tommy Pittman, 16 years old, and defendant Donald Lee Swanson were at Smith's skating rink in Icard. About 9:30 P.M. o'clock they left the skating rink in defendant's 1952 Ford automobile to be taken to their home in Hildebran, a distance of about 2½ miles. Defendant

was driving, Tommy Pittman was sitting in the middle, and plaintiff was sitting to the right of Tommy. At the caution light at Icard defendant got on Highway #10. This is a curving two lane black top road 18 feet wide from the place where defendant got on it to where the wreck occurred. Defendant was driving at a speed of 50 to 60 miles an hour. One Eddie Hicks was driving his automobile behind them. Defendant went around several curves, and approached without slackening speed a very sharp, nearly 90 degrees, flat curve, which had sand on it. No automobile at that time was meeting them. As defendant drove down the road, plaintiff told defendant to slow down, he had wrecked there before. Defendant's automobile slid in the sand on this curve as he was driving on it to the left, and overturned. In the wreck plaintiff was injured.

Defendant's evidence is to this effect:

He was driving about 40 miles an hour. The road is crooked with a lot of sharp curves. He had gone around nine curves. The curve where he turned over is about 70 degrees, and is elevated. When he was going around this curve, he met an automobile with bright lights practically in the middle of the road. If he had tried to get off the road, he would have run into a big bank. He went to the right as far as he could. In passing, this automobile sideswiped him leaving a light blue streak from the front end of his automobile almost to the back door. His automobile was an old one with bad shock absorbers, and would turn over easily. As a result of being sideswiped his automobile turned over completely twice, and came to a stop on its wheels, facing in the opposite direction from which he had come. Plaintiff was thrown through the windshield out of the automobile. When defendant "woke up," he and Tommy were in the back seat. Plaintiff did not tell him to slow down. There were two streaks of paint on his automobile, a dark green one below the light blue one, because previously he had had a wreck with a green Cadillac. The driver of the automobile meeting him did not stop, and was not identified. Defendant knew well this road, driving it nearly every day.

Issues of negligence of defendant and damages were submitted to the jury, who answered the first issue No.

From a judgment that plaintiff recover nothing, he appeals.

*John H. McMurray for plaintiff, appellant.*
*Patton & Ervin By Sam J. Ervin, III, for defendant, appellee.*

PARKER, J. All of plaintiff's assignments of error, except formal ones, relate to the court's charge to the jury.

Plaintiff alleged in his complaint negligence on defendant's part in

the operation of his automobile, as follows: One. He drove his automobile in a careless and reckless manner in violation of G.S. 20-140. Two. When approaching and going around a curve, he failed to decrease his speed, but was operating and continued to operate his automobile at a speed greater than was reasonable and proper and prudent under the conditions then existing in violation of G.S. 20-141. Three. He failed to keep his automobile under control. Four. He operated his automobile at a reckless, negligent and dangerous speed when approaching and going around a curve. Five. He drove his automobile off of the hard-surfaced highway at a dangerous speed, which caused it to overturn. And that such negligence was the sole and proximate cause of his injuries.

The court in its charge, after stating that actionable negligence consists of the two elements of negligence and proximate cause, and scantily defining negligence but not proximate cause, said it is also negligence for one to violate a statute that has been enacted for the public safety, and plaintiff invokes the alleged violation by defendant of one or more of our statutes. Then the court went on to charge as follows — some we summarize and some we quote: The statutory maximum speed limit on our highways is 55 miles an hour, and plaintiff alleges a violation of that statute. "We have a statute that provides that, notwithstanding the speed limitations, that a person shall not operate a car upon the public highways at a speed that is greater than reasonable and prudent under the conditions existing; and the conditions, of course, include such things as nature and type of the highway, grades, curves, lightness, darkness, weather — things of that sort; and he alleges the violation of that statute by the defendant." And then the court quoted substantially the language in part of G.S. 20-140 defining reckless driving, but omitting the words "without due caution and circumspection" appearing in the statute. Then the court went on to charge that plaintiff in addition to proving negligence "must also prove the negligence complained of was the direct, immediate or proximate cause of the injuries to himself." That it doesn't matter how negligent a person is, if this negligence doesn't proximately, directly or immediately cause injury to another. This is all that the court charged in respect to the statutes of this State regulating the operation of automobiles, except in the part of the charge quoted in the next paragraph.

This is the court's application of the law to the evidence arising in the case in respect to the issue of defendant's negligence: "The plaintiff is required to tip the scales of your minds in his favor to the extent that he proves by the greater weight of the evidence that the defendant, in the operation of the car, was negligent, either in driving his car

at a speed which was greater than was reasonable and prudent under the conditions existing, or in operating it recklessly and heedlessly as I have defined that for you, or in failing to keep a proper lookout and see what was there to be seen — violating the rule of the reasonably prudent person in the operation of the car. If he has established by the greater weight of the evidence that the defendant was negligent in any one or more of those respects, and further has established by the greater weight of the evidence that without that negligence this accident would not have occurred — that it directly and immediately brought about and produced injury to the plaintiff, then, gentlemen of the jury, the plaintiff would be entitled to prevail in this issue and you would answer it 'Yes,' the issue being, 'Was the plaintiff injured by the negligence of the defendant, as alleged in the Complaint?' "

G.S. 20-141(a) provides, "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." The same statute, section (b), sets forth the speed limits. The same statute, section (c), provides in relevant part, "The fact that the speed of a vehicle is lower than the foregoing limits shall not relieve the driver from the duty to decrease speed . . . , when approaching and going around a curve, . . . and speed shall be decreased as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway, and to avoid causing injury to any person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care."

The statute prescribes the standard of care, "and the standard fixed by the legislature is absolute." *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331. A violation of G.S. 20-141(c) is negligence *per se. Hutchens v. Southard,* 254 N.C. 428, 119 S.E. 2d 205.

Plaintiff assigns as error that the court failed in its charge to explain the statute G.S. 20-141(c) in respect to speed when approaching and going around a curve, and to apply it to the evidence arising in the case.

Plaintiff's evidence tends to show that defendant drove his automobile in the nighttime, when approaching and going around a very sharp, nearly 90 degrees, flat curve, which had sand on it, at a speed of 50 to 60 miles an hour, and that such speed on this curve caused his automobile to overturn proximately resulting in plaintiff's injuries. One of plaintiff's principal contentions from his evidence, if not his principal one, is that defendant operated his automobile in violation of the provisions of G.S. 20-141(c), and such violation was a proximate cause of his injuries. This was a substantive feature of the case arising on the evidence, and no request for special instructions by plaintiff on

this point was necessary, because it was the positive duty of the judge, as required by G.S. 1-180, to declare and explain the law upon all the substantive features arising on the evidence given in the case. *Whiteside v. McCarson*, 250 N.C. 673, 110 S.E. 2d 295; *Tillman v. Bellamy*, 242 N.C. 201, 87 S.E. 2d 253; Strong's N. C. Index, Vol. 4, Trial, pp. 331-2, where many cases to the same effect are cited.

Our decisions are as one in holding that the positive duty of the judge, required by G.S. 1-180, to declare and explain the law arising upon the evidence in the case means that he shall declare and explain the statutory law as well as the common law arising thereon. *Barnes v. Teer*, 219 N.C. 823, 15 S.E. 2d 379; *Kolman v. Silbert*, 219 N.C. 134, 12 S.E. 2d 915; *Spencer v. Brown*, 214 N.C. 114, 198 S.E. 630; *Williams v. Coach Co.*, 197 N.C. 12, 147 S.E. 435; *Bowen v. Schnibben*, 184 N.C. 248, 114 S.E. 170.

In *Kolman v. Silbert, supra,* the Court said: "The duty imposed by statute (G.S. 1-180) is positive. The subsequent charge in which the court stated and applied the common law rule of the prudent man is not sufficient to remedy the failure to properly explain and apply the statutory provisions." The part enclosed in the parentheses is ours.

Speaking directly to the point in *Bowen v. Schnibben, supra,* it is said: " . . . but where a statute appertaining to the matters in controversy provides that certain acts of omission or commimssion shall or shall not constitute negligence, it is incumbent upon the judge to apply to the various aspects of the evidence such principles of the law of negligence as may be prescribed by statute, as well as those which are established by the common law."

This is said in *Batchelor v. Black*, 232 N.C. 314, 59 S.E. 2d 817: "This Court has repeatedly held that the court need not read a statute to the jury, and in fact the opinions tend to discourage the practice. While the court must apply the law to the evidence (G.S. 1-180) this is often better accomplished by a simple explanation without the involvement of the technical language of the statute."

The court in its charge quoted almost verbatim the provisions of G.S. 20-141(a), but neither charged nor explained in form or substance, nor made any reference to, the provisions of G.S. 20-141(c) in any part of the charge. This affected a substantive right of plaintiff, and is prejudicial error, even in the absence of a special request for instructions. *Westmoreland v. Gregory*, 255 N.C. 172, 120 S.E. 2d 523, and cases there cited.

Plaintiff also assigns as error the court's definition of proximate cause. The court's definition of proximate cause is inadequate, in that, *inter alia,* it made no reference to foreseeable injury, which is a requisite of proximate cause. *Aldridge v. Hasty, supra; Adams v. Board*

*of Education,* 248 N.C. 506, 103 S.E. 2d 854. However, this seems prejudicial to the defendant rather than the plaintiff.

There are other assignments of error appearing on the record and brought forward in plaintiff's brief which present difficult questions, but we deem it unnecessay to consider them *seriatim,* as they will probably not recur upon a new trial, and a new trial must be awarded for prejudicial error against plaintiff on the negligence issue, as set forth above.

For error in the charge plaintiff is entitled to a new trial, and it is so ordered.

New trial.