## WILLIAM BOYCE PETTUS v.
## ELVINE SANDERS AND ROBERT LEE STEWART.

(Filed 10 April 1963.)

**1. Automobiles §§ 41l, 42k—**

Evidence held for jury on issue of negligence in striking pedestrian crossing street at an intersection, and not to show contributory negligence as a matter of law on the part of the pedestrian.

**2. Appeal and Error § 1—**

Where the trial court's refusal to nonsuit is upheld on appeal, but a new trial is awarded on other exceptions, the Supreme Court will not discuss the evidence except to the extent necessary to show the conclusions reached.

**3. Automobiles § 46;   Negligence §§ 7, 28—**

Foreseeability is a requisite of proximate cause, even though plaintiff relies upon the violation of a safety statute constituting negligence *per se*, and an instruction which does not submit the element of foreseeability, even though in the other aspects the charge correctly defines proximate cause, must be held for error, and such omission cannot be held mere technical error when the evidence squarely presents the question whether defendant, under the circumstances, could or should have foreseen injurious consequences.

APPEAL by defendants from *McConnell, Special Judge,* September 1962 Civil Term of Gaston.

Personal injury action.

On Saturday, April 1, 1961, about 9:10 p.m., plaintiff, a pedestrian, was injured when struck by a DeSoto automobile owned by defendant Sanders and operated by defendant Stewart. This occurred in Gastonia, N. C., on a paved east-west street known as West Page Avenue at or near its intersection with a paved north-south street known as North York Street. Plaintiff was crossing Page from the north to the south side and the DeSoto was proceeding east thereon. Defendant Stewart was operating the DeSoto as agent of defendant Sanders.

Undisputed facts include the following: Plaintiff had made a purchase at a Dairy Bar located on the north side of Page east of York. In returning to the house of Ernest Lindell, plaintiff's cousin, plaintiff walked west on the sidewalk along the north side of Page, then crossed York, and thereafter proceeded south across Page toward Lindell's house. When struck, plaintiff had reached a point within a few feet of the south curb of Page.

Plaintiff alleged he was crossing Page within an unmarked crosswalk; that Stewart, in violation of G.S. 20-173(a), failed to yield the right of way to plaintiff; that Stewart was also negligent in re-

spect of speed, lookout, and control; and that Stewart's negligence proximately caused plaintiff's injuries.

In a joint answer, defendants denied negligence and, as further defenses, pleaded contributory negligence and unavoidable accident. Defendants alleged, as a basis for their further defenses, the following: As Stewart approached the intersection, an automobile traveling south on York made a right turn into Page and headed west thereon; that plaintiff walked from behind this automobile directly into the path of Stewart; that Stewart "was only a few feet away" when plaintiff suddenly appeared in front of him; and that, while Stewart stopped "almost instantly," he could not avoid colliding with plaintiff.

Evidence was offered by plaintiff and by defendants.

The jury answered the issues of negligence and contributory negligence in favor of plaintiff and awarded damages in the amount of $5,500.00. Judgment for plaintiff, in accordance with the verdict, was entered. Defendants excepted and appealed.

_Donald E. Ramseur for plaintiff appellee._
_Hollowell & Stott for defendant appellants._

BOBBITT, J. Careful consideration impels the conclusion that the evidence, when considered in the light most favorable to plaintiff, was sufficient to require submission of all issues for jury determination. Hence, defendants' motion for judgment of nonsuit was properly denied.

Since a new trial is awarded, we refrain from discussing the evidence presently before us except to the extent necessary to show the reasons for the conclusion reached. _Mason v. Gillikin,_ 256 N.C. 527, 530, 124 S.E. 2d 537, and cases cited.

In the portion of the charge relating to the first issue, the court defined proximate cause as follows: "Proximate cause, being the other element (of actionable negligence), means the real, the dominant, the efficient cause, the cause without which the accident would not have occurred. An act is said to be the proximate cause or a proximate cause of an injury and damage when in a natural and continuous sequence, unbroken by any new and independent cause, it produces the result complained of, and without which the injury and damage would not have occurred and there can be more than one proximate cause of any injury and damage." Defendants excepted to this instruction and assign as error the court's failure to instruct the jury that foreseeability of injury is an essential element of proximate cause.

Under our decisions, foreseeability is a requisite of proximate cause. *McNair v. Richardson,* 244 N.C. 65, 67, 92 S.E. 2d 459, and cases ·cited. This is true notwithstanding the alleged negligence is a violation of a safety statute and therefore negligence *per se. Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Billings v. Renegar,* 241 N.C. 17, 84 S.E. 2d 268; *McNair v. Richardson, supra; White v. Lacey,* 245 N.C. 364, 368, 96 S.E. 2d 1; *Basnight v. Wilson,* 245 N.C. 548, 551, 96 S.E. 2d 699.

The quoted instruction is correct with reference to the element(s) of proximate cause referred to therein. However, the court inadvertently failed to instruct the jury that a proximate cause is *also* a cause "from which a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed." *Adams v. Board of Education,* 248 N.C. 506, 511, 103 S.E. 2d 854, and cases cited; *Ramsbottom v. R.R.,* 138 N.C. 38, 41, 50 S.E. 448.

Under our decisions, the court's failure to instruct the jury that foreseeability of injury is an essential element of proximate cause entitles defendants to a new trial. *McNair v. Richardson, supra; Whitley v. Jones,* 238 N.C. 332, 78 S.E. 2d 147. In *McNair,* a new trial was awarded on the ground the court's instruction "removes foreseeability as an essential element of proximate cause, and in substance told the jury that, in plaintiff's action for damages allegedly resulting from the violation or violations of motor vehicle regulations, the doctrine of foreseeability did not apply." In *Whitley,* a new trial was awarded on the ground "(t)he court in its ·charge on proximate cause omitted to give the essential element of foreseeability of injury." See *Pittman v. Swanson,* 255 N.C. 681, 685, 122 S.E. 2d 814. In the decisions cited by plaintiff in support of the quoted instruction, whether the court erred for failure to instruct that foreseeability of injury is an essential element of proximate cause was not presented or considered.

Defendants assign as error the asserted failure of the court to relate and apply the law to the variant factual situations having support in the evidence as required by G.S. 1-180. *Westmoreland v. Gregory,* 255 N.C. 172, 177, 120 S.E. 2d 523; *Pittman v. Swanson, supra.* Discussion of these assignments of error is unnecessary. However, in view of plaintiff's contention that error in the charge, if any, was technical and not prejudicial, we deem it appropriate to call attention to the crucial factual controversy involved in the negligence issue.

·The evidence as to whether Stewart's view of plaintiff was obstructed ·was in sharp conflict.

Evidence favorable to plaintiff tended to show he was crossing Page within an unmarked crosswalk at the intersection of Page and York; that Stewart's view was unobstructed as he approached this unmarked crosswalk; and that Stewart saw plaintiff, or by the exercise of due care could have seen him, as he proceeded within the unmarked crosswalk from the north toward the south side of Page.

Evidence favorable to defendants tended to show Page was thirty-two feet wide; that plaintiff when struck had proceeded twenty-four feet toward the south side of Page; that Stewart, proceeding east on Page at a speed of 24-25 miles per hour in a 35-mile per hour speed zone, was blinded momentarily by the lights of an automobile which had proceeded south on York and made a right turn and headed west into Page; that plaintiff, who according to one witness "attempted to rush across," crossed "(j)ust as this vehicle . . . turned to the right from York on to Page to go west on Page"; that plaintiff came from behind this automobile and in view of Stewart when Stewart was "approximately 5 to 7 feet away from him"; and that Stewart, after the impact, "went approximately 5 to 7 feet."

Clearly, if the jury found the facts in accordance with the evidence most favorable to defendants, whether Stewart, by the exercise of due care, could have reasonably foreseen that a pedestrian would or might come from behind the automobile and into his path, is of crucial significance in determining whether Stewart was guilty of actionable negligence. We find no instruction in which the court undertook to relate and apply the law to this factual situation. Under these circumstances, we cannot say the failure to instruct the jury that foreseeability of injury is an essential element of proximate cause is technical rather than prejudicial error.

New trial.