HERMAN L. GREENE v. CECIL HARMON.

(Filed 16 October 1963)

**Trial § 33—**

> The court is required to charge the jury on the applicable statutory law as well as the common law, and the court's failure to do so must be held for prejudicial error. G.S. 1-180.

APPEAL by plaintiff from *Sink,* Emergency Judge, Regular June Civil Session 1963 of WATAUGA.

This is a civil action instituted on 8 October 1962 by the plaintiff to recover for damages to his automobile, resulting from a collision between the plaintiff's automobile and the Volkswagen of the defendant on 1 August 1962, about 7:15 a.m., on Highway 321 near the "Y" intersection of old Highway 421, near Stephens' Service Station in Watauga County, North Carolina.

The defendant filed a cross-action and counterclaim for personal injuries and damages to his motor vehicle which he alleges he sustained as a result of said collision.

The jury rendered a verdict in favor of the defendant. Judgment was entered on the verdict and the plaintiff appeals, assigning error.

*Holshouser & Holshouser for plaintiff appellant.*
*Stacy E. Eggers, Jr. and Hayes & Hayes for defendant appellee.*

PER CURIAM. The appellant assigns as error the failure of the court below in its charge to the jury to apply the law to the evidence on the substantial features of the case, in that the court failed to charge the jury as to the applicable statutory law with respect to the right of way of the parties at an intersection or as to what would constitute negligence with respect to speed where safety signs had

been erected by proper officials. We think this assignment of error was well taken and must be upheld.

An examination of the charge reveals that the court instructed the jury with respect to negligence according to the common law rule of the prudent man only.

In *Pittman v. Swanson*, 255 N.C. 681, 122 S.E. 2d 814, it is said: "Our decisions are as one in holding that the positive duty of the judge, as required by G.S. 1-180, to declare and explain the law arising upon the evidence in the case means that he shall declare and explain the statutory law as well as the common law arising thereon. *Barnes v. Teer*, 219 N.C. 823, 15 S.E. 2d 379; *Kolman v. Silbert*, 219 N.C. 134, 12 S.E. 2d 915; *Spencer v. Brown*, 214 N.C. 114, 198 S.E. 630; *Williams v. Coach Co.*, 197 N.C. 12, 147 S.E. 435; *Bowen v. Schnibben*, 184 N.C. 248, 114 S.E. 170."

The appellant is entitled to a new trial and it is so ordered.

New trial.