WILLIAM CARL CORRELL, PLAINTIFF v. BOYCE ALLEN GASKINS, DEFENDANT.

(Filed 16 December, 1964.)

**1. Trial § 33—**

The trial court is required to relate and apply the statutory as well as the common law to the variant factual situations having support in the evidence.

**2. Automobiles § 6—**

It is negligence or contributory negligence *per se* to stop a motor vehicle even partly on the hard surface at nighttime without lights, since the statute, G.S. 20-134, prescribes the standard of care, and the failure to exercise the prescribed care is actionable if the proximate cause of injury.

**3. Automobiles § 46—**

Where defendant's evidence is to the effect that plaintiff's vehicle was standing partly on the hard surface at nighttime without lights when defendant's vehicle ran into its rear, defendant is entitled to an instruction to the effect that if the jury should find by the greater weight of the evidence that defendant violated the statute and such violation was a proximate cause of the collision to answer the issue of contributory negligence in the affirmative, and an instruction which leaves the issue of contributory negligence to be determined on the basis of the common law principle of due care must be held for prejudicial error.

APPEAL by defendant from *Crissman, J.,* May 1964 Session of ROWAN.

Action and cross action growing out of a rear-end collision that occurred January 24, 1963, on a hard surface road (Washington Lane) in a rural residential district in the Kannapolis area of Rowan County when the right front of defendant's 1960 Chevrolet struck the left rear of plaintiff's 1950 Chevrolet.

Uncontradicted evidence tends to show: It was about 6:30 a.m. and dark when the collision occurred. Both plaintiff and defendant were going to work. Plaintiff turned from Moose Road into Washington Lane. He proceeded thereon approximately 500 feet and stopped, as was his custom, to pick up a man (Privette) who worked with him. Privette's house was on plaintiff's right side of Washington Lane. Plaintiff, who was waiting for Privette, was the only occupant of his car when the collision occurred. Defendant, traveling on Washington Lane, stopped at its intersection with Moose Road (the dominant highway) and thereafter continued along Washington Lane until his car collided with plaintiff's car. Washington Lane, from said intersection to the point of collision, was straight and level. No other cars were approaching or in front of defendant as he traveled from said intersection to the point of collision. There were no street lights in the area. The maximum speed limit was 35 miles per hour.

Two witnesses testified Washington Lane was paved to a width of approximately 18 feet. Another testified it was "about 16 to 18 feet wide."

Plaintiff's version: When stopped in front of Privette's house, plaintiff's car was "at least" 50% off "the tar and gravel," and as far on the dirt (right) shoulder as he could get "without going into the side ditch." He put his car in neutral and "pulled up" the emergency brake. When he stopped, no car was "following immediately behind (him)." Prior to and at the time of the collision the headlights and taillights on his car were burning.

Defendant's version: After leaving said intersection, defendant drove in his right traffic lane with his lights on low beam at a speed of 20-25 miles per hour. Suddenly, his lights picked up a "dark, dull looking car, without any lights whatsoever," a short distance ahead. Defendant, when he saw the car, "slammed on the brakes, and bam! — that was it." Plaintiff's car "was about ninety per cent on the pavement, with just the right wheels off the edge of the pavement." No lights were burning on plaintiff's car as defendant approached and collided with it.

Issues of negligence, contributory negligence and damages, relating to plaintiff's action, were answered in favor of plaintiff. The jury did not reach issues relating exclusively to defendant's cross action.

From judgment for plaintiff in accordance with the verdict, defendant appeals.

*Kesler & Seay for plaintiff appellee.*
*Kluttz & Hamlin for defendant appellant.*

BOBBITT, J.   Defendant's assignments of error, based on exceptions duly taken, challenge the sufficiency of the court's instructions relating to the contributory negligence issue.

G.S. 1-180 requires the trial judge, when instructing the jury, to relate and apply the law to the variant factual situations having support in the evidence. *Westmoreland v. Gregory,* 255 N.C. 172, 177, 120 S.E. 2d 523, and cases cited. This requirement applies to the statutory law as well as to the common law. *Pittman v. Swanson,* 255 N.C. 681, 685, 122 S.E. 2d 814, and cases cited; *Greene v. Harmon,* 260 N.C. 344, 132 S.E. 2d 683. The question presented by defendant's assignments is whether the court's instructions relating to the contributory negligence issue substantially comply with these requirements.

Defendant pleaded, *inter alia,* as contributory negligence, the violation by plaintiff of G.S. 20-129 and of G.S. 20-134. A violation of these statutory provisions is negligence *per se. Scarborough v. Ingram,* 256 N.C. 87, 89, 122 S.E. 2d 798, and cases cited; *Melton v. Crotts,* 257 N.C. 121, 125, 125 S.E. 2d 396, and cases cited. In an oft-cited decision, Barnhill, C. J., stated a well-established rule as follows: ". . . when the plaintiff relies on the violation of a motor vehicle traffic regulation as the basis of his action . . . , unless otherwise provided in the statute, the common law rule of ordinary care does not apply. The statute prescribes the standard, and the standard fixed by the Legislature is absolute." *Aldridge v. Hasty,* 240 N.C. 353, 360, 82 S.E. 2d 331; Strong, N. C. Index, Vol. 1, Automobiles § 6, and cases cited. The rule is equally applicable where a defendant relies upon such statutory violation as a basis for his plea of contributory negligence.

Defendant was entitled to an instruction, even in the absence of request therefor (*Westmoreland v. Gregory, supra,* and cases cited), in substance, as follows: If the jury find by the greater weight of the evidence that plaintiff stopped his car and permitted it to stand, without lights, on the paved portion of Washington Lane in defendant's (right) lane of travel, such conduct on the part of the plaintiff would constitute negligence *as a matter of law;* and if the jury find by the greater weight of the evidence that such negligence was a proximate cause of the collision and plaintiff's injuries, the jury is instructed to answer

the contributory negligence issue, "Yes." The court failed to give such an instruction.

The court, in a general review of defendant's contentions as to contributory negligence, stated defendant contended, *inter alia*, that plaintiff violated G.S. 20-129; and in connection therewith the court read G.S. 20-129(a) and also G.S. 20-134. (Note: The court also read G.S. 20-154(a) and G.S. 20-161(a). It would seem that G.S. 20-154(a) refers to a different factual situation.) While the jurors were instructed to answer the contributory negligence issue, "Yes," if they found by the greater weight of the evidence "that the plaintiff on this occasion was negligent as the Court has defined negligence, or was in violation of either of the statutes that I read in your hearing of this occasion," and that such negligence or such statutory violation was a proximate cause of the collision and plaintiff's injuries, no instruction purporting to relate G.S. 20-129 or G.S. 20-134 (or G.S. 20-154(a) or G.S. 20-161(a)) to the facts in evidence was given. In short, the legal task of applying the relevant statutory provisions to the facts in evidence was committed to the jury.

Of course, we cannot determine with certainty the adverse effect, if any, the indicated deficiency in the charge had or may have had on the jury's verdict. It is noted, however, that the court stated plaintiff's contentions with reference to the contributory negligence issue as follows:

"Now the plaintiff says that you ought to answer the first issue yes and the second issue no. Plaintiff says he was not negligent in any way, that he didn't do anything that an ordinarily prudent man wouldn't have done under the same or similar circumstances. The plaintiff says and contends that, from this evidence and by its greater weight, that he was sitting there with all the lights on as he should be, and that he was as close to the ditch as he could get without getting in the ditch, and that he was sitting there waiting for his rider, and that, if the defendant didn't see him, it was because he was not looking and was not keeping a proper lookout, and that he was there to see him and that he had all the lights on and that, *even if he hadn't had the lights on, that it wasn't his fault, that it was the fault of the defendant in not seeing what he ought to have seen there;* and so the plaintiff says and contends he was not negligent and that you ought not to find there was any negligence on his part; and, therefore, you ought to answer this no and go ahead on with the third issue." (Our italics).

The foregoing instruction, in our view, would seem to indicate that the contributory negligence issue was for determination on the basis of common-law principles as to due care. Hence, we are constrained to

hold that the failure to give an instruction applying G.S. 20-129 and G.S. 20-134 to the evidence, substantially as indicated above, constitutes prejudicial error for which defendant is entitled to a new trial.

In view of the conclusion reached, we need not discuss whether the evidence now before us was sufficiently definite to require an instruction applying G.S. 20-161 thereto or questions raised by assignments of error directed to rulings on evidence. These questions may not arise at the next trial.

New trial.