MRS. HELEN ALLEN BROWN v. BOREN CLAY PRODUCTS COMPANY

No. 6926SC358

(Filed 23 July 1969)

1. **Trial § 50— motion to set verdict aside — experiments by juror**
   In plaintiff's action to recover damages sustained in an automobile-truck collision which occurred forty minutes after sunset, trial court did not abuse its discretion in refusing to set the verdict aside because one

of the jurors during a night recess conducted experiments with regard to viewing vehicles on the highway thirty minutes after sunset.

**2. Automobiles § 13— use of lights at night**

   G.S. 20-129(a) requiring vehicles to be equipped with lighted front and rear lamps at night is a safety statute enacted for the protection of persons and property, and a violation thereof is negligence *per se.*

**3. Automobiles § 90— instructions — application of law to evidence — lighted headlamps**

   Where plaintiff's evidence was to the effect that the collision between her automobile and defendant's truck occurred some forty minutes after sunset and that at the time of the collision defendant's truck did not have lighted headlamps, it was incumbent upon the trial judge to instruct the jury with regard to G.S. 20-129(a) requiring lighted front lamps at night and to apply the law to the facts, and his failure to do so entitles plaintiff to a new trial.

**4. Trial § 33;    Appeal and Error § 50— instructions — prejudicial error — unexplained use of "strike that"**

   Where trial judge failed to explain to the jury what he meant by his use of the words "strike that" immediately following the sentence containing statement of plaintiff's contentions, the jury could not know whether trial judge meant to strike the entire sentence or a part thereof, and plaintiff's exception to the charge is sustained.

APPEAL by plaintiff from *Falls, J.,* 24 February 1969 (Schedule B) Regular Civil Session, MECKLENBURG County Superior Court.

Plaintiff instituted this action for personal injuries and property damage resulting from a collision between her 1961 Ford automobile and a 1965 Ford truck owned by the defendant and operated on the occasion in question by its duly authorized employee and agent.

On 16 December 1966 some forty minutes after sunset at a time when it was dusky dark, but not black dark, the plaintiff was driving in a westerly direction on the Albemarle Road known as North Carolina Highway No. 27. Plaintiff was looking for a place where she could turn around, as she had gone by the place where she was to meet her husband. Plaintiff reached a point where there was an unpaved road which intersected the Albemarle Road from the south. This unpaved road terminated there and thus formed a "T" intersection. Plaintiff alleged and offered evidence tending to show that on reaching this point, she stopped her vehicle giving proper signals indicating that she intended making a left turn. She remained in a stopped position with her headlights burning until other traffic proceeding in an easterly direction could pass. After waiting for some three or four vehicles to pass, each of which had headlights burning, she then determined that she could complete her turn in safety and

proceeded to do so. Before she could complete her turn and while the rear of her vehicle was still on the hard surface, her vehicle was struck near the right rear by the defendant's truck. Plaintiff claimed that she had been unable to observe the defendant's truck because of its color and because it did not have any lights burning. As a result of the collision, the plaintiff seeks damages, both for personal injuries sustained and property damage to her vehicle. The defendant, on the other hand, alleged and offered evidence tending to prove that its truck was proceeding in an easterly direction with its headlights burning; that the plaintiff was meeting the defendant's truck when suddenly and without warning and at a time when such maneuver could not be made in safety, the plaintiff turned left across the lane of traffic in which the truck was proceeding, thereby producing the collision between the plaintiff's vehicle and the truck and causing damage to the truck for which damage the defendant filed a counterclaim.

Issues were submitted to the jury and answered as follows:

"1. Was the plaintiff injured and her property damaged through the negligence of the defendant, as alleged in the complaint?

Answer: No

2. Did the plaintiff, by her own negligence, contribute to said injuries and damage, as alleged in the answer?

Answer:

3. What amount, if any, is the plaintiff entitled to recover of the defendant?

For Personal Injuries:

For Property Damage:

4. Was the defendant's property damaged through the negligence of the plaintiff, as alleged in the answer?

Answer: Yes

5. What amount, if any, is the defendant entitled to recover of the plaintiff?

Answer: $150.00"

From judgment entered in accordance with the issues and verdict that the plaintiff have and recover nothing and that the defendant have and recover of the plaintiff the sum of $150.00 on the counterclaim, the plaintiff appealed to this court.

*Craighill, Rendleman & Clarkson by J. B. Craighill for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by John G. Golding and Michael K. Gordon for defendant appellee.*

Campbell, J.

The plaintiff makes numerous assignments of error, but we will refrain from discussing many of them as we find it necessary to award a new trial, and the same questions are unlikely to arise again.

[1] The plaintiff assigns as error the refusal of the court to set the verdict aside because one of the jurors during a night recess conducted some experiments with regard to viewing vehicles on the highway some thirty minutes after sunset. The record discloses that the trial judge went into this with care and concluded that any impropriety in this regard had not affected the verdict. This was a discretionary matter with the trial judge, and we do not think the record discloses any abuse of the discretion of the trial judge.

There is no merit in this assignment of error.

Both the pleadings and the evidence brought into sharp focus not only the desirability, but the necessity of having headlights burning on the respective vehicles at the time of collision. The plaintiff claimed that she did have the headlights burning on her vehicle and that the defendant did not have lights burning on the truck and that as a result thereof, she was unable to see the truck and hence placed herself in a position where the collision occurred. The defendant on the other hand contended that at all times the lights on the truck were burning. It was stipulated and agreed that the collision occurred on the open highway where the maximum speed limit was 55 miles per hour for passenger vehicles and 45 miles per hour for trucks; and that the sun had set at 5:13 p.m. The plaintiff claimed the collision occurred some forty minutes after sunset and thus the statutory requirement with regard to headlights was applicable.

[2] G.S. 20-129(a) provided:

"When Vehicles Must Be Equipped. — Every vehicle upon a highway within this State during the period from a half hour after sunset to a half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet ahead, shall be equipped with lighted front and rear lamps as in this section respectively required for different· classes of vehicles, and subject to exemption with reference to lights on

parked vehicles as declared in § 20-134." (As it read in 1966 at the time of the accident here involved and prior to the 1967 amendment.)

This is a safety statute enacted for the protection of persons and property. A violation of this statute is negligence *per se. Thomas v. Thurston Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Oxendine v. Lowry,* 260 N.C. 709, 133 S.E. 2d 687.

[3] It was incumbent upon the trial judge to instruct the jury with regard to the requirements of the statute as being the law applicable to the case and then to apply the law as thus given to the facts in question. *Correll v. Gaskins,* 263 N.C. 212, 139 S.E. 2d 202.

The trial judge should have instructed the jury, even in the absence of request therefor, in substance, as follows: If the jury should find from the evidence and by its greater weight that the collision in question occurred more than a half hour after sunset and that at that time the defendant's truck did not have front lamps lighted as required by the statute, then such conduct on the part of the defendant would constitute negligence as a matter of law, and if the jury find by the greater weight of the evidence that such negligence was a proximate cause of the collision and the injuries and property damage sustained by the plaintiff, then the first issue should be answered, "Yes". In the instant case, the trial judge gave no instructions with regard to this statute requiring lighted front lamps and did not apply the law as contained in the statute to the facts. Because of this failure, the plaintiff is entitled to a new trial. *Correll v. Gaskins, supra.*

Another statute and factual situation was drawn into sharp focus by both the pleadings and the evidence of the plaintiff and the defendant in this case.

The plaintiff contended and alleged and offered evidence tending to show that she reached the intersection sometime prior to the defendant's truck; that she was giving a proper signal for a left turn an appreciable length of time before the defendant's truck reached the intersection, and in fact, long enough for some three or four cars to pass before she commenced turning. She claimed that she had the right-of-way pursuant to G.S. 20-155 as it provided in 1966, and prior to the 1967 amendment. This statute then read:

"(b) The driver of a vehicle approaching but not having entered an intersection and/or junction, shall yield the right-of-way to a vehicle already within such intersection and/or junction whether the vehicle in the junction is proceeding straight

ahead or turning in either direction: Provided, that this sub-section shall not be interpreted as giving the right-of-way to a vehicle already in an intersection and/or junction when said vehicle is turning either to the right or left unless the driver of said vehicle has given a plainly visible signal of intention to turn as required in § 20-154."

[4]     The trial court in charging in this phase of the matter stated:

". . . . If you should find, Members of the Jury, that the Plain-tiff in this case entered this intersection or junction and was already in the act of turning into this junction road; that when the truck driver approached the junction, it would have been the duty of the defendant to delay his entrance into the inter-section until the Plaintiff had passed through, that is to yield to the Plaintiff the right-of-way, even though the — STRIKE THAT."

If the words "STRIKE THAT" mean to strike the entire sen-tence, then the Court failed to instruct properly the jury with re-gard to the plaintiff's contentions. It is difficult, if not impossible, to say exactly what the judge intended by the words "STRIKE THAT". There was no explanation given to the jury, and the result was certain to cause confusion in the minds of the jury.

As Ervin, J. wrote in *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484:

"The chief purpose of a charge is to aid the jury clearly to comprehend the case, and to arrive at a correct verdict. For this reason, this Court has consistently ruled that this statute imposes upon the trial judge the positive duty of instructing the jury as to the law upon all of the substantial features of the case. . . . If the mandatory requirements of the statute are not observed, 'there can be no assurance that the verdict rep-resents a finding by the jury under the law and the evidence presented.' . . . A litigant does not waive his statutory right to have the judge charge the jury as to the law upon all of the substantial features of the case by failing to present requests for special instructions. . . . Moreover, the mandate of the statute is not met by a 'statement of the general principles of law, without application to the specific facts involved in the issue.' . . . The judge must declare and explain the law 'as it relates to the various aspects of the testimony offered.' . . . By this it is meant that the statute requires the judge 'to ex-plain the law of the case, to point out the essentials to be

proved on the one side or the other, and to bring into view the relations of the particular evidence adduced to the particular issues involved.' . . .

When the instructions given to the jury in the court below are scrutinized in the light of these principles, it is indisputably clear that the trial judge failed to declare and explain the law arising upon the evidence given in this case, and that the exceptions of the plaintiff to the charge must be sustained. . . ."

For the reasons given in this opinion, the plaintiff is entitled to a new trial. It is so ordered.

New trial.

BROCK and MORRIS, JJ., concur.