JAMES S. HARDISON v. JESSE LEE WILLIAMS

No. 748SC131

(Filed 5 June 1974)

1. **Automobiles § 55— defendant on highway without lights — summary judgment improper**

    In an action to recover damages for injuries sustained by plaintiff when his truck collided with defendant's truck the trial court erred in granting summary judgment for defendant, since plaintiff's evidence which tended to show that defendant was driving without his lights on raised issues of fact as to whether defendant was in fact driving without lights, whether that was a proximate cause of the accident, and whether plaintiff was contributorily negligent.

2. **Automobiles § 55; Rules of Civil Procedure § 15— variance in allegation and proof — consideration of proof on summary judgment motion**

    In ruling on defendant's motion for summary judgment the trial court should have given consideration to plaintiff's evidence contained in his deposition that defendant was driving without lights, though plaintiff's only allegation of negligence in his complaint was that defendant stopped his truck with the rear end extended into the trav-

Hardison v. Williams

eled portion of the highway, since defendant would not have been prejudiced in maintaining his action or defense upon the merits by consideration of the evidence. G.S. 1A-1, Rule 15(b).

APPEAL by plaintiff from *James, Judge,* 1 October 1973 Session of Superior Court held in GREENE County.

This is an action to recover damages for personal injuries sustained by plaintiff when his Chevrolet truck collided with a Ford pickup truck operated by defendant. At the time of the accident, defendant was employed at the Hennis Freight Terminal, which is located on the east side of U. S. Highway 301, a dual-lane highway. Defendant worked the night shift, and about 1:00 a.m. he left work and started to drive home in his pickup truck. Intending to turn into the southbound lane of Highway 301, he crossed the northbound lane and stopped to wait for southbound traffic. At this time plaintiff was traveling northward on Highway 301. He drove into the back of defendant's truck, and as a result of the collision he was severely injured.

In his complaint plaintiff alleged that defendant had been negligent in stopping his pickup truck so that the back of it extended for three to five feet into the northbound lane of Highway 301. Defendant denied any negligence and alleged that plaintiff had been contributorily negligent. Each party took the other's deposition pursuant to Rule 26 of the North Carolina Rules of Civil Procedure. Defendant filed a motion for summary judgment and submitted his own deposition in support of his motion. Plaintiff submitted his deposition in opposition to the motion. The court granted summary judgment for defendant, and plaintiff appealed.

*Lewis, Lewis & Lewis, by John B. Lewis, Jr., for plaintiff appellant.*

*Narron, Holdford, Babb & Harrison, by William H. Holdford, for defendant appellee.*

BALEY, Judge.

[1] Under Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment may be granted only if "there is no genuine issue as to any material fact." Plaintiff testified in his deposition that at the time of the accident, defendant had no lights on the back end of his truck. G.S. 20-129(a) provides that "[e]very vehicle upon a highway within this State [at

night] shall be equipped with lighted head lamps and rear lamps . . . ." The violation of this statute is negligence per se. *Reeves v. Campbell,* 264 N.C. 224, 141 S.E. 2d 296; *Williamson v. Varner,* 252 N.C. 446, 114 S.E. 2d 92; *Brown v. Products Co.,* 5 N.C. App. 418, 168 S.E. 2d 452. Clearly, therefore, plaintiff's evidence tends to show that defendant was driving negligently. Whether defendant was in fact driving without his lights on, whether this was a proximate cause of the accident, and whether plaintiff was contributorily negligent, all are genuine issues of material fact to be resolved at trial. It was error for the court to grant defendant's motion for summary judgment.

[2]    Defendant takes the position that the testimony of plaintiff that there were no lights on defendant's truck should not be considered since the only allegation of negligence in the complaint was defendant's stopping his truck with the rear end extended into the traveled portion of the highway. He asserts that there is a fatal variance between the allegations in the complaint and the proof of negligence.

Under the old system of civil procedure, prior to the adoption of the North Carolina Rules of Civil Procedure, the concept of "variance" played a very significant role. "[I]t was well recognized that a plaintiff's recovery had to be based on allegations in his complaint, and that when there was a material variance between allegations and proof, nonsuit was proper." *Roberts v. Memorial Park,* 281 N.C. 48, 55, 187 S.E. 2d 721, 725. "Proof without allegation [was] as ineffective as allegation without proof." *McLaurin v. Cronly,* 90 N.C. 50, 52; *see* Note, *Pleadings—Material and Immaterial Variance,* 41 N.C.L. Rev. 647.

Under the new Rules of Civil Procedure, the significance of the doctrine of variance has been drastically reduced. Rule 15(b) provides:

> *"Amendments to conform to the evidence.* — When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend

does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Under Rule 15(b) when the plaintiff offers evidence at trial which varies from his complaint and introduces a new issue, the defendant may object. If the defendant does not object, he is (except in certain unusual situations) viewed as having consented to admission of the evidence, and the pleadings are deemed amended to include the new issue. If the defendant does object, he has the burden of proving that he would be prejudiced by admission of the varying evidence. Unless he can satisfy the court that he would be prejudiced, the objection must be overruled, the evidence admitted, and the pleadings amended to incorporate the new issue. *Roberts v. Memorial Park, supra; Mangum v. Surles,* 281 N.C. 91, 187 S.E. 2d 697; 1 McIntosh, N. C. Practice & Procedure (Phillips supp.), § 970.80; 3 Moore's Federal Practice ¶¶ 15.13[2], 15.14; Sizemore, *General Scope and Philosophy of the New Rules,* 5 Wake Forest Intra. L. Rev. 1, 22; Note, *Trial of Issues by Implied Consent under Rule 15(b),* 51 N.C.L. Rev. 1003, 1007-09.

In the present case defendant cannot claim that in submitting this evidence plaintiff acted unfairly and took him by surprise. He will have ample time before trial to study plaintiff's deposition and prepare his defense against the charge that he was driving without lights. It is clear that defendant would not have been "prejudice[d] . . . in maintaining his action or defense upon the merits" by consideration of this evidence on a motion for summary judgment. To grant summary judgment for variance between allegation and proof would subvert Rule 15(b) and run contrary to the policy of the new rules which are designed to eliminate procedural technicalities and encourage trial on the merits.

In ruling on defendant's motion for summary judgment, the court should have given consideration to plaintiff's evidence

that defendant was driving without lights. When this evidence is considered, defendant is not entitled to summary judgment.

Reversed.

Chief Judge BROCK and Judge PARKER concur.