HENRY H. MALLETTE, JR., v. IDEAL LAUNDRY AND DRY CLEANERS, INC.

(Filed 20 March, 1957.)

**1. Negligence § 19c—**

A motion for nonsuit on the ground of contributory negligence shown by the plaintiff's evidence will be allowed only when the evidence is so clear that no other reasonable inference is deducible therefrom.

**2. Same—**

In determining whether plaintiff's evidence discloses contributory negligence as a matter of law, the evidence favorable to him must be taken as true, giving him the benefit of every reasonable intendment therefrom, and all contradictions and discrepancies must be resolved in plaintiff's favor.

**3. Automobiles § 17—**

Where there are no stop signs or traffic control devices at a street intersection, neither street is favored over the other, notwithstanding that the one is paved and the other is not, and the right of way at such intersection is governed by G.S. 20-155(a), giving the car on the right the right of way when two vehicles approach the intersection at approximately the same time, and G.S. 20-155(b), giving the car first in the intersection the right of way.

**4. Automobiles § 42g—**

Plaintiff's evidence, susceptible to the interpretation that he was traveling 15 miles an hour in entering the intersection, that his view of defendant's vehicle, approaching the intersection from plaintiff's left, was obscured by a house at the intersection, and that as plaintiff entered the

intersection defendant's vehicle was some 35 or 40 feet away, traveling at excessive speed, and that defendant's vehicle hit the left side of plaintiff's car as it was half way across the intersection, *is held* not to disclose contributory negligence on the part of plaintiff as a matter of law.

APPEAL by plaintiff from *Bundy, J.,* October Civil Term, 1956, of NEW HANOVER.

*W. K. Rhodes, Jr., for Plaintiff, Appellant.*
*Poisson, Campbell & Marshall for Defendant, Appellee.*

JOHNSON, J.   Civil action in tort arising out of collision of two motor vehicles in a street intersection.

At the close of the plaintiff's evidence the defendant moved for judgment as of nonsuit on the stated ground that the plaintiff's evidence discloses he was contributorily negligent as a matter of law.   The motion was allowed.   The single question presented for review is whether this ruling was correct.

It is firmly established by the decisions of this Court that a motion for nonsuit on the ground of contributory negligence shown by the plaintiff's evidence will be allowed only when the evidence is so clear that no other reasonable inference is deducible therefrom.   *Wright v. Pegram,* 244 N.C. 45, 92 S.E. 2d 416; *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

In analyzing and testing the plaintiff's evidence to see if it discloses contributory negligence as a matter of law, the trial court is required to take for granted that the evidence favorable to the plaintiff is true and give to it every reasonable intendment favorable to the plaintiff. *Donlop v. Snyder, supra; Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664; *Bundy v. Powell, supra.*   All conflicts in plaintiff's evidence are to be resolved in favor of the plaintiff (*Bundy v. Powell, supra; Scarborough v. Veneer Co.,* 244 N.C. 1, 92 S.E. 2d 435), the rule being that contradictions and discrepancies are for the jury and not the court. *Donlop v. Snyder, supra; Fowler v. Atlantic Co.,* 234 N.C. 542, 67 S.E. 2d 496; *Maddox v. Brown,* 232 N.C. 244, 59 S.E. 2d 791.

The collision occurred in the daytime at the intersection of Eighth and Ann Streets in a residential district of the City of Wilmington. Eighth Street runs north and south; Ann, east and west.   Each street is about 30 feet wide.   Eighth Street is paved, whereas Ann is an unimproved dirt street.   There is a dwelling house on the southwest corner of the intersection.   The set back distances of the house are not shown by the evidence, except by photographs.   These indicate that the house is relatively close to both streets at the intersection, thus leaving a limited side-view sight distance for motorists approaching the inter-

section on either street. The evidence discloses no stop sign on the side of either street-approach to the intersection, nor any traffic control device over the center of the intersection. Therefore, upon the record as presented neither street was favored over the other, and the evidence is to be interpreted in the light of G.S. 20-155, which provides in part: "(a) When two vehicles approach or enter an intersection and/or junction at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right . . ."

"(b) The driver of a vehicle approaching but not having entered an intersection and/or junction, shall yield the right-of-way to a vehicle already within such intersection and/or junction whether the vehicle in the junction is proceeding straight ahead or turning in either direction: . . ."

The plaintiff was driving a Cadillac automobile northwardly on Eighth Street. The defendant's laundry truck was being driven eastwardly on Ann Street. Therefore, as the two vehicles approached the intersection the Cadillac driven by the plaintiff was on the right.

The plaintiff testified in part: "As I got to the corner I saw the Laundry truck approximately 35 or 40 feet around the corner. . . . I was traveling at approximately 15 to 20 miles an hour at the time . . . of the accident. . . . I was in the intersection when I first saw the vehicle with which I had the collision. There is a house sitting on the corner, and when I got close enough to see, I saw this vehicle coming beyond the left-hand side of the house. At that time that vehicle was approximately . . . 35 or 40 feet from the intersection, traveling in an eastern direction. . . . As I entered the intersection and my car got about half way across the intersection, my car was hit from the left hand side, right between the two doors. . . . My car turned over and landed . . . on the sidewalk on the northeast corner. . . . It was raining at that time. . . . I was injured . . . and was carried to the hospital."

Cross-Examination: ". . . before I got to the intersection I was going 15 to 20 miles an hour. I reduced my speed as I got to the intersection enough to see the oncoming traffic from both directions, from the east and west. . . . I reduced my speed to see around the east corner. . . . at the time I entered the intersection . . . the Laundry truck was on Ann Street . . . about 40 feet westwardly from the western line of Eighth Street. . . . I was about the center of the right-hand lane of Eighth Street while I was driving into the intersection. . . .

"I said I estimated the Laundry truck was running between 35 and 40 an hour at the time I saw it. . . . When I saw the Laundry truck coming in . . . I was increasing my speed at that time; I was entering the intersection to see around the corner. I increased my speed to approximately 15 miles per hour. I was making approximately 15 miles

an hour as I entered the intersection. . . . I did not attempt to stop my automobile before I got into the intersection, when I saw this car coming . . . 58 feet away. . . . When I saw the truck coming I was into the intersection; in fact, I was approximately going across the intersection. I assumed if I stopped in the intersection there would be a head-on. I said I was approximately 10 feet from the intersection when I first saw the Laundry truck. . . . I was in position to stop if I assumed I would be in the way of the Laundry truck. I could have put on my brakes at my slow speed. I don't know whether I would have stopped immediately or not. I could have stopped almost immediately traveling at 15 miles an hour."

Randolph Corbett testified he was driving along Eighth Street behind the plaintiff's Cadillac when it reached the intersection. The witness said: "When this car got to the intersection . . . we were . . . about 40 or 50 feet behind it, and all of a sudden, after the Cadillac got into the intersection, I saw this Laundry truck strike this car. . . . I could not say how fast the Laundry truck was going . . .; it just dashed right out; it was a little misty, raining; it had been raining, but it was not then. . . ."

It may be conceded that the plaintiff's evidence is not free of discrepancies and contradictions. Nevertheless, the portions on which the plaintiff relies, when weighed and considered and given every reasonable intendment favorable to him, as is the rule on motion for nonsuit, are sufficient to justify a jury-finding of actionable negligence against the defendant, free of contributory negligence on the part of the plaintiff. True, the evidence in some aspects is sufficient to justify the inference that the defendant's negligence, if such be found, was not the proximate cause of the collision, or that the plaintiff was contributorily negligent. The evidence being susceptible of these diverse inferences makes it a case for the jury.

The judgment as of nonsuit entered below is

Reversed.