BILLY GENE LAKE v. HARRIS EXPRESS, INCORPORATED, ORIGINAL DEFENDANT; AND EVELYN R. FREEMAN, ADMINISTRATRIX OF THE ESTATE OF DANIEL VANCE FREEMAN, ADDITIONAL DEFENDANT.

(Filed 14 January, 1959.)

**1. Negligence § 19b(1)—**

If plaintiff's evidence, considered in the light most favorable to him, tends to establish all essential elements of actionable negligence, nonsuit should be denied.

**2. Trial § 22c—**

Inconsistencies and conflicts in the evidence are to be resolved by the jury and do not justify nonsuit.

**3. Automobiles § 41c—**

Plaintiff's evidence tending to show that the vehicle in which he was riding as a guest had been brought to a stop to avoid hitting another car in the driver's lane of travel opposite an intersection, that defendant's truck, traveling south in the western lane of the four-lane highway, approached from the opposite direction, and suddenly turned left and struck the car in which plaintiff was riding, requires the submission of the issue of negligence to the jury, notwithstanding other evidence inconsistent and in conflict therewith.

APPEAL by plaintiff from *Olive, J.,* March, 1958 Term, ROWAN Superior Court.

Civil action to recover damages for alleged injuries upon the ground the original defendant was guilty of actionable negligence (1) by failing to yield to the car in which the plaintiff was riding as guest passenger one-half the travel portion of the highway; (2) by attempting to cross to the left into the plaintiff's line of traffic without ascertaining the movement could be made in safety; (3) by failing to keep a proper lookout and to keep its vehicle under proper control.

The original defendant denied negligence and set up as a further defense: (1) The plaintiff and the driver of the automobile in which he was riding were on a joint venture and were exercising joint control over the car, and that the accident was the result of their negligence because of, (1) excessive speed, (2) driving on the wrong side of the highway, (3) failure to yield one-half the highway to the defendant's vehicle, (4) attempting to pass another vehicle going in the same direction when it was unsafe to do so, (5) the negligence and contributory negligence of the plaintiff and his companion were the proximate or contributory causes of the plaintiff's injury.

The evidence tended to show the accident occurred on U. S. Highway No. 29 about four miles south of Salisbury at about 7:00 p.m. on December 2, 1955. No. 29 is an arterial highway for traffic north and south. The travel portion of the highway is concrete and 40 feet wide, with four marked traffic lanes—two on the east for north-bound traffic, separated by a broken white line; and two on the west for south-bound traffic, also separated by a broken white line. Double yellow unbroken lines down the middle separate the interior lanes.

Here, summarized in part and quoted in part, is the plaintiff's evidence: On December 2, 1955, the plaintiff was a guest passenger in a Packard automobile driven and owned by D. V. Freeman. It was dark and the weather was "misty." Freeman was driving next to the yellow lines in the inside lane for north-bound traffic. The road was approximately straight both north and south from the point where the accident occurred. The airport road intersects with Highway 29 from the west, forming a T intersection. As the automobile approached the airport road intersection, a car with rear lights burning appeared to be stopped directly in front of the lane in which Freeman was driving. He applied his brakes and stopped just as the car in front moved forward toward Salisbury. The original defendant's heavy truck, driven by its agent Hilton, "was coming down the highway, cut in across the highway when it hit us. It was in his right-hand lane going south.

There was a lane between him and the yellow line. After we stopped and I looked out the window, I seen the truck was in that right-hand lane coming down the highway. I don't know that is when he turned, or what, I don't know what was causing it without it was vibration. I noticed the lights were jumping up and quivering around. Then I seen him turn and cut right in the side of the car and hit us. He was turning to the left across the highway; turned in the direction of the Southern Railway tracks (to his left). He cut out of the south-bound lane and cut across and hit us in the north-bound lane after we had stopped. . . . It was nothing in the path of the truck to prevent it from going straight ahead."

The plaintiff introduced evidence of his injuries resulting from the collision and at the conclusion of his evidence the court overruled the defendants' demurrer thereto. The original defendant introduced evidence, renewed its motion, which was allowed. The plaintiff excepted and appealed.

*James L. Woodson, Walter H. Woodson for plaintiff, appellant. Helms, Mulliss, McMillan & Johnston, By: Fred B. Helms, W. T. Shuford for defendant, Harris Express, Inc., appellee.*

HIGGINS, J. The question presented is whether the evidence was sufficient to entitle the plaintiff to have the jury pass on it. "If the evidence in the light most favorable to plaintiff, giving him the benefit of all permissible inferences from it, tends to support all essential elements of actionable negligence, then it is sufficient to survive the motion to nonsuit." *McFalls v. Smith,* 249 N.C. 123, 105 S.E. 2d 297; *Taylor v. Brake,* 245 N.C. 553, 96 S.E. 2d 686; *Scarborough v. Veneer Co.,* 244 N.C. 1, 92 S.E. 2d 435.

Inconsistencies and conflicts in the evidence, whether witnesses are mistaken or otherwise, truthful or otherwise, are questions of fact to be resolved by the fact finding body—the jury. Only a question of law is presented by demurrer to the evidence or motion to nonsuit. *Bell v. Maxwell,* 246 N.C. 257, 98 S.E. 2d 33; *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19; *Mallette v. Cleaners,* 245 N.C. 652, 97 S.E. 2d 245.

The plaintiff alleged the defendant, with its own travel lane unobstructed, (1) carelessly turned to his left across another south-bound traffic lane, crossed the yellow lines into the path of traffic going into the opposite direction, and collided with the car in which the plaintiff was a guest passenger; that the movement could not be made in safety; (2) the defendant failed to yield one-half the travel portion of the highway; (3) he failed to keep his vehicle under proper control and

to operate it carefully under the conditions then existing, thus caus-
ing the accident and the plaintiff's injury. His evidence was sufficient
to entitle him to have the jury consider and pass on it. The allegations
and the evidence present issues of fact. The court committed error in
withdrawing the case from the jury.

· Reversed.