WILLIAM C. BAREFOOT v. THOMAS OLIVER JOYNER, JR., AND R. H. BOULIGNY, INC.

(Filed 24 May, 1967.)

1. **Automobiles § 41i—— Evidence of defendant's negligence in entering highway from private driveway held for jury.**

Allegations and evidence tending to show that plaintiff was traveling on a four-lane highway with a median some one-half block in width separating the two lanes for eastbound and the two lanes for westbound traffic, that defendant entered the dominant highway from a private driveway to enter a servient highway, and that the collision occurred between the right front and side of plaintiff's car and the left front and side of defendant's car, *held* sufficient for an inference that defendant driver was either traveling in the wrong direction on the dominant highway or that he failed to keep a proper lookout or failed to exercise due

care under the existing conditions, and the issue of negligence was properly submitted to the jury.

**2. Negligence § 26—**

Nonsuit on the ground of contributory negligence should be allowed only when plaintiff's evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference or conclusion can be drawn therefrom, and nonsuit on the issue should be denied when opposing inferences are permissible from plaintiff's proof.

**3. Automobiles § 42g—**

Allegations and evidence tending to show that plaintiff was operating his vehicle in a lawful manner on a dominant highway and that defendant attempted to cross the dominant highway from a private driveway in the path of plaintiff's car, *held* to preclude nonsuit on the ground of contributory negligence, notwithstanding other evidence of plaintiff which would permit an inference that plaintiff failed to keep a proper and careful lookout and did not decrease his speed and keep his vehicle under proper control under the existing conditions.

**4. Automobiles § 46;   Negligence § 28—**

An instruction that the proximate cause of the injury is one that produces the result in continuous sequence and without which it would not have occurred, and one from which injury was reasonably foreseeable under the circumstances, is not erroneous, but it is erroneous to give such instruction without charging upon the element of foreseeability.

**5. Appeal and Error § 42—**

Conflicting instructions on a material point, one correct and the other incorrect, must be held for prejudicial error when the incorrect instruction is given in the final summation of what the jury must find in order to answer the issue in the affirmative, so that the jury may have followed the incorrect charge in answering the issue.

APPEAL by defendants from *Mallard, J.,* First October 1966 Regular Civil Session of WAKE.

Civil action by plaintiff to recover damages for personal injuries and property damage received when his automobile, driven by him, collided with a Jeep truck driven by defendant Joyner and owned by defendant R. H. Bouligny, Inc.

The accident occurred on 11 December 1964, at approximately 1:09 P.M., in the westbound lane of Western Boulevard (same as U. S. 64) at a point just west of where Hillsboro Road and Buck Jones Road intersect with Western Boulevard and several hundred feet west of where Highway U. S. 1 Business overpasses Western Boulevard. The flow of traffic on Western Boulevard at this point is one-way in a westerly direction (the eastbound lanes being divided from the westbound lanes by a median approximately one-half block in width). Hillsboro Road at this point is two lanes of one-way westbound traffic intersecting with Western Boulevard at

approximately a 57-degree angle on the northern side of Western Boulevard. Traffic in the right lane of Hillsboro is required to yield right-of-way coming into Western Boulevard; the left lane is intended for traffic wishing to cross Western Boulevard into Buck Jones Road, and traffic is controlled by a stop sign. Buck Jones Road intersects with Western Boulevard from its south side, running in a generally north and south direction. The speed limit on that part of Western Boulevard is 55 miles per hour; however, there was a suggested speed sign immediately east of the U. S. 1 overpass indicating 35 miles per hour during school hours.

Plaintiff's evidence tended to show that he was traveling west on Western Boulevard at a speed of about 50 miles per hour as he approached the point of collision; that as he passed under the overpass, he could see some 200 feet ahead and that he did not see any traffic in the road. As he approached the point where Hillsboro Road and Buck Jones Road intersect with Western Boulevard, he looked to his right and left for traffic coming into Western Boulevard from these roads. When he looked back to the front, defendant's vehicle was immediately on him; he did not have time to put on brakes, and was struck on the right front side by the truck operated by defendant Joyner.

Defendant Joyner testified that he had been to General Machine Co., which is located on a lot just west of intersecting Hillsboro Road and across from the intersection of Buck Jones Road, so that the east corner of the building is in line with the west corner of the intersection of Buck Jones Road. He stated he pulled his truck up to a line where the paved portion of the company's lot met Western Boulevard, and stopped. He looked to the left and, seeing no traffic, proceeded across Western Boulevard to get on Buck Jones Road. When he was about two-thirds across Western Boulevard, he collided with plaintiff's automobile. Defendant Joyner stated: "I did that coming to a complete stop and looking to be sure that there was no traffic before I entered the highway. I looked to the left down Western Boulevard and Hillsboro Road coming into an intersection there. I looked east from where I had stopped. I didn't see anything. There were no cars on Western Boulevard to my left or on Hillsboro Street that I could see. Then I proceeded to cross the highway into Buck Jones Road, and I never saw anything. I just felt the collision."

William Gray Arnold testified that he was employed by the Raleigh Police Department on 11 December 1964, and that he investigated the accident. He stated that dirt and debris on the road evidenced the point of the collision, and upon his measurements the

point of collision was thirty-one feet from the north side of Western Boulevard and thirty-seven feet from the west corner of Buck Jones Road. He further testified that damage was done to the left front and side of defendant's car, and to the right front and side of plaintiff's car.

At the close of plaintiff's evidence and again at the close of all the evidence, defendants moved for judgment of nonsuit, which was denied. Issues of negligence, contributory negligence, and damages were submitted to the jury and were answered in favor of plaintiff. Defendants appealed.

*Bailey, Dixon & Wooten for plaintiff.*
*Holding, Harris, Poe & Cheshire for defendants.*

BRANCH, J. Defendants contend that plaintiff has not offered sufficient evidence for the case to be submitted to the jury.

In the case of *Lake v. Express, Inc.,* 249 N.C. 410, 106 S.E. 2d 518, Higgins, J., speaking for the Court, said:

> " 'If the evidence in the light most favorable to plaintiff, giving him the benefit of all permissible inferences from it, tends to support all essential elements of actionable negligence, then it is sufficient to survive the motion to nonsuit.' *McFalls v. Smith,* 249 N.C. 123, 105 S.E. 2d 297; *Taylor v. Brake,* 245 N.C. 553, 96 S.E. 2d 686; *Scarborough v. Veneer Co.,* 244 N.C. 1, 92 S.E. 2d 435.
>
> "Inconsistencies and conflicts in the evidence, whether witnesses are mistaken or otherwise, truthful or otherwise, are questions of fact to be resolved by the fact finding body — the jury. Only a question of law is presented by demurrer to the evidence or motion to nonsuit. *Bell v. Maxwell,* 246 N.C. 257, 98 S.E. 2d 33; *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19; *Mallette v. Cleaners,* 245 N.C. 652, 97 S.E. 2d 245."

Plaintiff alleged that defendant (1) carelessly and negligently failed to bring his vehicle to a complete stop and remain stopped until he could make the movement into the public highway in safety, in violation of an ordinance of the City of Raleigh, 21-18; (2) that he negligently and carelessly operated a motor vehicle in the wrong direction on a highway of the State of North Carolina; (3) that he failed and neglected to keep said vehicle under reasonable and proper control; (4) that he operated said automobile without keeping a proper and careful lookout; and (5) that he operated said vehicle

at a speed greater than was reasonable and prudent under circumstances and conditions then existing, in violation of G.S. 20-141.

Recognizing the rule that physical facts at the scene of an accident may be sufficiently strong within themselves, or in combination with other evidence, to infer negligence and make the issue one for the jury, *Rouse v. Jones,* 254 N.C. 575, 119 S.E. 2d 628, there is sufficient evidence here to infer that defendant Thomas Oliver Joyner, Jr., while operating said truck as the agent and employee of defendant R. H. Bouligny, Inc., and in the performance of his duties as such agent and employee, was either traveling in the wrong direction on Western Boulevard, or that he failed to keep a proper and careful lookout, or that he failed to keep his automobile under proper control and to operate it carefully under conditions then existing, thus causing the collision and plaintiff's injury and damage. The allegations and the evidence present issues of fact, and the trial court correctly allowed the jury to decide whether plaintiff was damaged and injured by the negligence of defendants as alleged in the complaint.

Considering defendants' contention that their motion for nonsuit should have been allowed, we must decide whether plaintiff was guilty of contributory negligence as a matter of law.

Nonsuit on the ground of contributory negligence should be allowed only when the plaintiff's evidence, taken in the light most favorable to him, so clearly establishes this defense that no other reasonable inference or conclusion can be drawn therefrom. *Rouse v. Peterson,* 261 N.C. 600, 135 S.E. 2d 549; *Waters v. Harris,* 250 N.C. 701, 110 S.E. 2d 283; *Jones v. Bagwell,* 207 N.C. 378, 177 S.E. 170.

From an examination of defendants' pleadings and the evidence offered, it would appear that if plaintiff were guilty of contributory negligence it would be on the basis of excessive speed, or his failure to keep a proper lookout. The statutory speed limit at the place of the accident was 55 miles per hour. There was no *direct* evidence that plaintiff exceeded the statutory speed limit, nor that he drove too fast for existing conditions, nor that he failed to decrease his speed and keep his car under proper control with due regard to existing conditions. However, the plaintiff in testifying did state: "I never remember putting on brakes or anything." Thus, there was evidence from which it might be inferred that plaintiff did not decrease his speed and keep his automobile under control with due regard to existing conditions, or that he failed to keep a proper and careful lookout when he did not see defendant's vehicle as it came across Western Boulevard. Conversely, the evidence would permit

a reasonable inference or conclusion that he was operating his automobile on a dominant highway in a lawful manner, that he kept his automobile under proper control, and that after looking to his left toward Buck Jones Road and to his right toward Hillsboro Road, he had a right to proceed, assuming no vehicular traffic would come across the road from a private driveway in the path of oncoming traffic.

Nonsuit on the issue of contributory negligence should be denied when opposing inferences are permissible from plaintiff's proof. *Wilson v. Camp*, 249 N.C. 754, 107 S.E. 2d 743; *Wooten v. Russell*, 255 N.C. 699, 122 S.E. 2d 603.

A factual determination by the jury was required, and the court below ruled correctly in denying defendants' motion for nonsuit.

By Assignments of Error Nos. 5 and 8 defendants contend that the court erred in its charge to the jury, in that erroneous definitions of proximate cause were given.

Defendants' Assignment of Error No. 5 refers, in part, to that portion of the judge's charge on the first issue which is as follows:

> "Proximate cause, the other element of actionable negligence, means the real, the dominant, the efficient cause, *a cause without which the occurrence would not have occvrred,* and proximate cause is also a cause from which a person of ordinary prudence could have reasonably foreseen that such a result or some similar injurious result was probable under the facts as they existed. An act is a proximate cause of an injury and damage when in a natural and continuous sequence unbroken by any new or independent cause it produced the result complained of and without which the injury and the damage would not have occurred. And there can be more than one proximate cause of an injury and damage. I instruct you that the violation of a statute or ordinance enacted for the public safety is negligence, *per se,* unless the statute or ordinance itself provides to the contrary and all that is needed to make an act negligent is the essential element or (of) proximate cause."

In the case of *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24, the Court defined proximate cause:

> "Proximate cause is 'a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed.' *Mattingly v. R. R.*, 253 N.C. 746, 750, 117 S.E. 2d 844, 847. Foreseeable injury is a requisite of proxi-

mate cause, which is, in turn, a requisite for actionable negligence. *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796."

Here, the court, in substance, gave the approved definition, and this assignment of error is overruled. However, the defendants contend by their Assignment of Error No. 8 that the definition of proximate cause given by the court in its summation of the charge on the first issue was prejudicial error. That portion of the charge given is as follows:

> "I say, members of the jury, that if the plaintiff has proven any of those things and proven by the greater weight of the evidence, and has further proven by the greater weight of the evidence that the negligence of the defendant Thomas Oliver Joyner, Jr., in any one or more of those regards, not only exist, but that such negligence of the defendant Thomas Oliver Joyner, Jr., was one of the proximate causes of the collision between the vehicles, *that is that it was one of the causes without which the collision would never have occurred* resulting in and causing damage to the plaintiff's automobile or injury to plaintiff's person, or both, then it would be your duty to answer this first issue in plaintiff's favor, that is, YES."

In the case of *Ratliff v. Power Co.,* 268 N.C. 605, 151 S.E. 2d 641, this Court considered a charge of the lower court in which the jury was, in part, instructed:

> "If you are satisfied from this evidence and by its greater weight, that * * * *or* that the defendant had not complied with the requirements of the statute to obtain a proper permit for the length of the rig that was being driven, the Court charges you that if you are satisfied from this evidence and by its greater weight that such failure to comply with either of those statutes amounted to negligence, that that failure was such a failure as a reasonable and prudent man would not have been guilty of under the same and similar circumstances, and if you are further satisfied from this evidence and by its greater weight that such failure was a proximate cause, *that is a cause without which the collision would not have occurred,* then it would be your duty to answer the first issue Yes."

Holding that this was an incorrect definition of proximate cause, the Court, speaking through Lake, J., said:

> "An event which is a 'but for' cause of another event — that is, a cause without which the second event would not have taken

place — is not, necessarily, the proximate cause of the second event. While one event cannot be the proximate cause of another if, had the first event not occurred, the second would have occurred anyway, *Henderson v. Powell*, 221 N.C. 239, 19 S.E. 2d 876, the reverse is not necessarily true. A 'but for' cause may be a remote event from which no injury to anyone could possibly have been foreseen. Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which the plaintiff seeks to recover damages. *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24.

"The learned judge had, in an earlier portion of his charge, correctly defined proximate cause. However, this subsequent instruction, related as it was to a specific and final summation of what the jury must find in order to answer the first issue in the plaintiff's favor, was reasonably calculated to substitute in the mind of the jury the inaccurate definition of proximate cause for the correct definition previously given."

Here, the court had earlier in the charge given a correct instruction in defining proximate cause, but in the final summation of what the jury must find in order to answer the first issue for plaintiff, an inaccurate definition was given. The inaccurate definition was so closely related to the final summation and the explicit instruction to answer the issue "Yes" that reasonably the inaccurate definition would be substituted for the accurate in the mind of the jury.

For reasons stated, defendants are entitled to a

New trial.