CARL F. WALKER v. RELDA BARNETTE PLESS

No. 7125SC284

(Filed 28 April 1971)

1. **Rules of Civil Procedure § 50— ruling on motion for directed verdict — findings of fact**

    In ruling on defendant's motion for a directed verdict, it was not essential or appropriate that the trial court make "Findings of Fact and Conclusions of Law."

2. **Automobiles § 62— pedestrian struck while walking on shoulder of road — sufficiency of evidence for jury**

    Plaintiff's evidence was sufficient for the jury in an action to recover for personal injuries sustained when plaintiff was struck from the rear by defendant's automobile while walking on the shoulder of the road.

APPEAL by plaintiff from *Beal, Special Superior Court Judge,* December 1970 Session of Superior Court held in BURKE County.

*Simpson & Martin by Dan R. Simpson for plaintiff appellant.*

*Patton, Starnes & Thompson by Thomas M. Starnes and Robert L. Thompson for defendant appellee.*

MALLARD, Chief Judge.

Plaintiff seeks to recover damages for personal injuries resulting from the alleged actionable negligence of defendant in the operation of her automobile.

When considered in the light most favorable to him, plaintiff's evidence tended to show that on the night of 11 December 1968 he was walking northward towards Morganton on the shoulder of Highway #64 when he was struck from the rear by an automobile operated by the defendant. When he was struck he was 46 feet south of the center of Fletcher Street and three feet east of the paved portion of Highway #64. Plaintiff testified:

> "I did not see or hear the car when it struck me. I saw one car going south which passed me before I was hit. The next thing I recall after being hit was coming to in the middle of Fletcher Street and Miss Pless was and Mr. S. L. Poole was there right after that."

His leg was broken, his head injured, and he remained in the hospital for five weeks.

At the conclusion of plaintiff's evidence, the court allowed defendant's motion for a directed verdict under G.S. 1A-1, Rule 50(a) on the grounds that plaintiff's evidence of negligence was insufficient to require or justify submission of the issues to the jury.

The plaintiff's only assignment of error is to the action of the court in allowing the motion of the defendant for a directed verdict.

[1] Upon the request of plaintiff, the trial judge, purportedly acting in accordance with G.S. 1A-1, Rule 52(a)(2), made separate "Findings of Fact and Conclusions of Law" and in another instrument entered a "Judgment on Directed Verdict." In ruling on defendant's motion for a directed verdict in this case, it was not essential or appropriate that the judge make "Findings of Fact and Conclusions of Law." *Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). The rule on considering a defendant's motion for a directed verdict made at the conclusion of a plaintiff's evidence is set forth by Chief Justice Bobbitt in *Kelly v. Harvester Co., supra.* See *Sawyer v. Shackleford,* 8 N.C. App. 631, 175 S.E. 2d 305 (1970), *cert. denied,* 277 N.C.

112, and also *Musgrave v. Savings & Loan Assoc.,* 8 N.C. App. 385, 392, 174 S.E. 2d 820 (1970).

**[2]** When all of the evidence in this case is considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which may legitimately be drawn, resolving contradictions, conflicts and inconsistencies in his favor, we are of the opinion and so hold that the evidence was sufficient to require submission to the jury. See *Rowe v. Fuquay,* 252 N.C. 769, 114 S.E. 2d 631 (1960). The case of *Rogers v. Green,* 252 N.C. 214, 113 S.E. 2d 364 (1960), cited by appellee, is factually distinguishable.

The trial judge committed error in allowing defendant's motion for directed verdict.

Reversed.

Judges PARKER and VAUGHN concur.