ELVIE M. KEENER v. GLENN M. LITSINGER AND W. R. GRACE
& COMPANY, A CORPORATION

No. 7119SC402

(Filed 23 June 1971)

**Automobiles § 90— accident case — instructions — proximate cause**

The failure of the trial court to give an adequate definition of
"proximate cause" in an automobile accident case is reversible error
and entitles the appellant to a new trial.

APPEAL by plaintiff from *Gambill, Judge,* 11 January
1971 Session of CABARRUS County Superior Court.

Plaintiff instituted this action seeking to recover for per-
sonal injuries sustained when an automobile driven by defend-
ant Glenn M. Litsinger collided with an automobile driven by
plaintiff. Evidence offered by plaintiff tended to show that she
was stopped on the inside lane of a four-lane highway going
south into Charlotte waiting for two cars in front of her to
turn left when she was struck in the rear by a car driven by
defendant Litsinger, an employee of W. R. Grace & Company.
Plaintiff testified that she overheard defendant Litsinger tell
the investigating Highway Patrolman that he was traveling at
the speed limit of 60 m.p.h. when he glanced away from the
highway, and when he looked back, he was on the back of
plaintiff's car.

Trooper D. W. Padgett of the Highway Patrol, the investi-
gating officer, called by plaintiff, testified that defendant Lit-
singer told him that he had been traveling south in the outside
lane as he approached a median cross-over. As he approached,
a car pulled across the highway in front of him and he veered
to the left to avoid it and struck the rear of plaintiff's vehicle.
The trooper further testified that his investigation revealed
that a car in the inside lane in front of plaintiff's vehicle pulled
into the outside lane in front of defendant Litsinger and defend-
ant switched lanes to avoid hitting it.

Defendants did not offer any evidence.

The jury returned a verdict finding no negligence on the
part of defendants. From a judgment that plaintiff recover
nothing of defendants, plaintiff appeals to this Court.

*Bedford W. Black and Clarence E. Horton, Jr., for plaintiff appellant.*

*K. Michael Koontz for defendant appellees.*

CAMPBELL, Judge.

Plaintiff's first assignment of error is directed at the failure of the trial judge to define proximate cause in his charge to the jury. This is a valid assignment of error. Although the trial judge referred to proximate cause several times in the charge, nowhere in the charge do we find a proper definition of proximate cause. The closest that the court came to attempting a definition of proximate cause was when the court stated:

> "Negligence without proximate cause the defendant is not liable, but negligence must be coupled with proximate cause, *the cause without which the injury would not have occurred.*" (Emphasis added.)

It is clear that this short statement did not meet the definition set forth by the Supreme Court in *Nance v. Parks,* 266 N.C. 206, 146 S.E. 2d 24 (1966):

> "Proximate cause is 'a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed.' *Mattingly v. R.R.,* 253 N.C. 746, 750, 117 S.E. 2d 844, 847. Foreseeable injury is a requisite of proximate cause, which is, in turn, a requisite for actionable negligence. *Osborne v. Coal Co.,* 207 N.C. 545, 177 S.E. 796."

A proper definition of proximate cause is mandatory and a new trial will be ordered where a proper definition is not given. *Barefoot v. Joyner,* 270 N.C. 388, 154 S.E. 2d 543 (1967). Here, the trial judge failed to give the proper definition.

New trial.

Judges BRITT and GRAHAM concur.