RICKY WARD, BY HIS GUARDIAN AD LITEM, CECIL WARD v. MORRIS WORLEY, BY HIS GUARDIAN AD LITEM, EDNA WORLEY

No. 7113DC498

(Filed 20 October 1971)

Negligence § 40— instruction on proximate cause — foreseeability
    Failure of the trial court to charge that foreseeability is an element of proximate cause is reversible error.

APPEAL by defendant from _Walton, District Judge,_ 15 February 1971 Session of District Court held in COLUMBUS County.

Plaintiff filed a complaint against defendant on 13 March 1970 charging him with negligence in operating a motor vehicle at a speed greater than was reasonable and prudent under existing conditions; operating a motor vehicle at a rate of speed in excess of the posted speed limit; operating a motor vehicle without keeping a proper lookout; operating a motor vehicle without keeping it under proper control; and that through this negligent operation plaintiff suffered shoulder, back and chest injuries. Plaintiff sought damages in the amount of $5,000.00. Defendant answered and alleged that plaintiff was guilty of contributory negligence in knowingly riding with defendant after defendant had consumed an excessive amount of alcoholic beverages.

At approximately 10:30 p.m. on the evening of 12 December 1969 plaintiff entered defendant's car in Whiteville, North Carolina. At approximately 1:00 a.m. on the morning of 13 December 1969 the vehicle containing plaintiff and defendant was involved in an accident as defendant driver attempted to make a turn off Highway 130. Plaintiff sustained certain injuries in the accident. Plaintiff and defendant had been riding around in defendant's car from 10:30 p.m. until the time of the accident.

Plaintiff's testimony, in addition to that tending to show the careless manner in which defendant was operating the vehicle, was to the effect that plaintiff had merely accepted an invitation from defendant to ride around for a little while and only after entering the car did he discover that defendant had been drinking. He warned defendant about his driving and requested that defendant take him home, which defendant was doing at the time of the accident. Plaintiff was not drinking. Defendant's testimony, on the other hand, tended to show that, although defendant was under the influence of alcohol, plaintiff was a willing passenger as they drove around to various taverns and that plaintiff was also drinking that night. Defendant testified that plaintiff never commented about his driving. The court denied defendant's motions for a directed verdict and for judgment notwithstanding the verdict. The jury found that defendant's negligence caused plaintiff's injuries, plaintiff was not contributorily negligent, and awarded plaintiff $2,000.00 in damages. From this judgment, defendant appeals.

*D. F. McGougan, Jr., for plaintiff appellee.*

*Smith and Spivey by James K. Larrick for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court below erred in denying his motions for directed verdict and for judgment notwithstanding the verdict by failing to find plaintiff contributorily negligent as a matter of law. "Whether a motion for judgment as of nonsuit should be sustained on the ground that the plaintiff is guilty of contributory negligence as a matter of law, presents in many cases a very difficult question. However, the decision on such motion must be made in light of the facts in each particular case." *Tew v. Runnels,* 249 N.C. 1, 105 S.E. 2d 108. "Where conflicting inferences may be drawn from the circumstances, whether the failure of the passenger to avail himself of opportunity for affirmative action for his own safety should constitute contributory negligence is a matter for the jury." *Samuels v. Bowers,* 232 N.C. 149, 59 S.E. 2d 787. This problem is also dealt with in *Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305:

"Justice Lake in *Douglas v. W. C. Mallison and Son,* 265 N.C. 362, 144 S.E. 2d 138, has accurately and concisely

stated the rule governing nonsuit on the ground of plaintiff's contributory negligence. 'A judgment of nonsuit on the ground of contributory negligence may be entered only when the plaintiff's evidence, considered alone and taken in the light most favorable to him, so clearly establishes the defense that no other reasonable inference or conclusion can be drawn therefrom. [Citations omitted.]' "

We hold that the issue of plaintiff's contributory negligence was properly submitted to the jury and that the trial judge did not err in failing to allow defendant's motions for directed verdict and judgment notwithstanding the verdict.

Defendant further contends that the court below committed error in its charge to the jury by failing to refer to foreseeability in its definiton of proximate cause. Judge Walton, in the trial below, defined proximate cause as " . . . the real, the efficient, the dominant cause. A cause without which the injury would not have been sustained. An act is said to be a proximate cause of an injury or damage when in a natural and continuous sequence unbroken by any new or independent cause, it produces the results complained of and without which the injury or damage would not have occurred."

The Supreme Court in *Mattingly v. R. R.*, 253 N.C. 746, 117 S.E. 2d 844 stated its definition of proximate cause as " . . . a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have *foreseen* that such a result was probable under all the facts as they existed." (Emphasis added.) *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24; *Keener v. Litsinger*, 11 N.C. App. 590, 181 S.E. 2d 781. Furthermore, in *Pittman v. Swanson*, 255 N.C. 681, 122 S.E. 2d 814 the Court stated: "The court's definition of proximate cause is inadequate, in that, *inter alia,* it made no reference to foreseeable injury, which is a requisite of proximate cause." This Court in *Keener v. Litsinger, supra,* said, "A proper definition of proximate cause is mandatory and a new trial will be ordered where a proper definition is not given. *Barefoot v. Joyner,* 270 N.C. 388, 154 S.E. 2d 543."

For the reasons stated, defendant is entitled to a new trial.

New trial.

Judges BROCK and GRAHAM concur.