LEONARD FRANKLIN REGAN v. RONALD CURTIS PLAYER; PEGGY PLAYER; RICHARD EMORY MARION AND ELIZABETH CRAVEN MARION, GUARDIAN AD LITEM FOR RICHARD E. MARION

No. 7218DC142

(Filed 23 February 1972)

1. Automobiles § 57— intersection collision — action against two drivers — sufficiency of evidence

In this action for damages arising out of an automobile collision, plaintiff's evidence was sufficient to be submitted to the jury as to the negligence of both defendants where it tended to show that plaintiff's vehicle was stopped in the center lane of a three-lane dominant highway waiting to make a left turn into an intersecting street, that as the first defendant's vehicle came over a hill 150 feet away, the second defendant drove his vehicle from the servient street into the intersection and into the path of the first defendant's vehicle, that the first defendant swerved his vehicle into the center lane of the three-lane highway and collided head-on with plaintiff's vehicle, that the first defendant's vehicle left skid marks of 96 feet and that plaintiff's vehicle was knocked back 75 feet by the collision.

2. Automobiles § 90; Negligence § 8— instructions on proximate cause

In this action for damages arising out of an automobile collision, defendants were prejudiced by the court's failure properly to define proximate cause, including the element of foreseeability of injury, where the court's only instruction on proximate cause was that "A proximate cause is the cause that directly brings about the injury, either immediately or through happenings which follow one after another."

APPEAL from *Haworth, Judge,* 23 August 1971 Session District Court, GUILFORD County.

This is an action for the recovery of damages for personal injury and property damage resulting from a collision which occurred at the intersection of U.S. 29A or old Greensboro Road and Manor Drive in the City of High Point on 31 July 1970. Plaintiff, driving a 1968 Rambler, had been proceeding in a westerly direction on U.S. 29A. As he approached the intersection of U.S. 29A with Manor Drive, he stopped in the left turn lane, which is the center of the three lanes on U.S. 29A, and waited for the vehicle driven by Ronald Curtis Player (Player) to pass before making his intended left turn. Player was approaching him on U.S. 29A traveling in an easterly direction. Richard E. Marion (Marion), driving a 1969 Chevrolet, had been traveling in a northerly direction on Manor Drive, and was stopped for a stop sign for northbound traffic on Manor Drive where it intersects with U.S. 29A. Plaintiff alleges in his complaint: "As the plaintiff's vehicle was stopped and [as] he was waiting for the defendant Player's vehicle to pass before making his left turn onto Manor Drive, the defendant, Richard Emory Marion, suddenly and without warning pulled out into the eastbound lane of traffic on U.S. 29A from his stopped position on Manor Drive. As the Marion vehicle pulled out from its stopped position on Manor Drive, the Player vehicle swerved to its left and into the center lane of the three lane highway and collided head-on with the plaintiff." Plaintiff alleges that Marion was negligent in that he failed to keep a proper lookout, failed to keep proper control of the vehicle he was driving, failed to yield the right-of-way to traffic approaching the intersection on the dominant highway, and failed to see if movement from a stopped position could be made safely. He alleges that Player was negligent in that he failed to keep a proper look-out, failed to keep proper control over his vehicle, failed to reduce his speed when approaching an intersection, failed to reduce his speed to avoid a collision, and failed to keep his vehicle in the lane for eastbound traffic but crossed over into the lane for westbound traffic.

Player filed answer, admitting the allegations of negligence as to Marion but denying negligence on his part. As an additional defense he averred the collision was caused solely by Marion's negligence. Also as an additional defense he pleaded

that if he were negligent, his negligence was insulated by the intervening negligence of Marion. Included in his answer was a cross action against Marion for contribution and a cross action against Marion for damages for personal injuries and property damages.

Marion, answering the complaint, admitted Player's negligence and denied allegations as to his negligence. Marion denied all averments of the cross actions except as to ownership and operation of the automobile.

The jury returned a verdict for plaintiff against all defendants in the exact amount for which plaintiff had prayed. All defendants appealed.

*Bencini, Wyatt, Early and Harris, by A. Doyle Early, Jr., for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and Eddie C. Mitchell, for Ronald Curtis Player and Peggy Player, defendant appellants.*

*Perry C. Henson and Daniel W. Donahue for Richard Emory Marion and Elizabeth C. Marion, defendant appellants.*

MORRIS, Judge.

Each defendant excepted to and has assigned as error the refusal of the court to allow motions for directed verdict and for judgment notwithstanding the verdict.

The evidence is uncontradicted that plaintiff was guilty of no negligence, nor does any defendant contend that plaintiff was guilty of contributory negligence. It is conceded by all parties that his vehicle was in a stopped position in the left turn lane with his left turn signals on and that he was awaiting the opportunity of making a left turn onto Manor Drive when the vehicle was struck by the Player vehicle.

Plaintiff testified that he first saw the Player vehicle or the lights therefrom, as it was coming over the hill, some 150 to 200 feet away. At that time, the Marion vehicle was still moving. "As to how long a period of time it was from when I first saw the Player vehicle approaching me from an opposite direction until the vehicle hit me, it was about 5 or 6 seconds, something like that." Plaintiff further testified that Player

was doing the speed limit or better, that the speed limit was 45 miles per hour, and that he was knocked back "at least 50 or 75 feet, east up Greensboro Road." ". . . I saw the headlights coming, toward me and all of a sudden they just hit me." The Player vehicle struck the left front of plaintiff's vehicle. There is no traffic light at the intersection. Plaintiff never saw the Marion car come to a full stop at the intersection. The last time plaintiff saw the Marion car, the whole hood of the car was out in the intersection. Both drivers said they did not see the plaintiff. Plaintiff testified that there is a "stop light" at Manor Drive facing northbound traffic.

The investigating officer testified that the Player car left skid marks of 96 feet and that the plaintiff's car was "sitting approximately 75 feet back from the Greensboro Road in the eastbound lane." He estimated the distance from the hillcrest to the intersection at 150 feet. The Player car stopped at about the point of impact. The officer testified there was a stop sign on Manor Drive. He detected an odor of alcohol on Player, noted it on his report, but did not think Player was under the influence.

[1] When the evidence is viewed in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which may legitimately be drawn, resolving all conflicts and inconsistencies in his favor, we are of the opinion that the court properly submitted the case to the jury as to both defendants. *Walker v. Pless*, 11 N.C. App. 198, 180 S.E. 2d 471 (1971).

[2] Each defendant has excepted to and assigns as error portions of the charge of the court. In the plaintiff's action against all defendants the following constitutes the court's entire charge on proximate cause: "A proximate cause is the cause that directly brings about the injury, either immediately or through happenings which follow one after another." In instructing the jury with respect to Player's cross action against Marion, the court did not give any instructions with respect to proximate cause.

In *Barefoot v. Joyner*, 270 N.C. 388, 154 S.E. 2d 543 (1967), the Court approved the definition of proximate cause given in *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24 (1966):

"Proximate cause is 'a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed.' *Mattingly v. R. R.*, 253 N.C. 746, 750, 117 S.E. 2d 844, 847. Foreseeable injury is a requisite of proximate cause, which is, in turn, a requisite for actionable negligence. *Osborne v. Coal Co.*, 207 N.C. 545, 177 S.E. 796." 270 N.C. at p. 393.

In *Ratliff v. Power Co.*, 268 N.C. 605, 614, 151 S.E. 2d 641 (1966), Justice Lake, for the Court, in discussing proximate cause and foreseeability, said:

"An event which is a 'but for' cause of another event—that is, a cause without which the second event would not have taken place—is not, necessarily, the proximate cause of the second event. While one event cannot be the proximate cause of another if, had the first event not occurred, the second would have occurred anyway, *Henderson v. Powell*, 221 N.C. 239, 19 S.E. 2d 876, the reverse is not necessarily true. A 'but for' cause may be a remote event from which no injury to anyone could possibly have been foreseen. Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which the plaintiff seeks to recover damages. *Nance v. Parks*, 266 N.C. 206, 146 S.E. 2d 24."

A proper definition of proximate cause is mandatory. *Keener v. Litsinger*, 11 N.C. App. 590, 181 S.E. 2d 781 (1971). Certainly under the facts of this case, defendants were prejudiced by the court's failure properly to define proximate cause, including the element of foreseeability of injury as a prerequisite thereof.

We are cognizant of the fact that the evidence at the next trial may be different in material respects. We, therefore, refrain from discussing, on the basis of evidence presently before us, questions presented by other assignments of error—some common to both defendants, others brought forward by either Marion or Player. For prejudicial error in the charge, discussed herein, both defendants are entitled to a

New trial.

Chief Judge MALLARD and Judge PARKER concur.