Ford v. Marshall

JOHN E. FORD v. ARNOLD V. MARSHALL

No. 7221DC664

(Filed 20 September 1972)

1. **Negligence § 40— instructions on proximate cause**
      The trial court erred in failing properly to define negligence and proximate cause and in failing to mention foreseeability as a requisite of proximate cause.

2. **Rules of Civil Procedure § 51— failure to apply law to evidence**
      The trial court erred in failing to instruct the jury as to what facts, if found, would constitute negligence and contributory negligence. G.S. 1A-1, Rule 51(a).

3. **Automobiles § 91— personal injury and property damage — separate issues**
      In an action arising out of an automobile accident, the trial court should have separated the issue of damages into two parts—one related to personal injuries and the other related to property damages.

APPEAL by defendant from *Henderson, District Judge,* 15 May 1972 Session of District Court held in FORSYTH County.

*Ira Julian and W. Warren Sparrow for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and Roddey Ligon, Jr., for defendant appellant.*

MALLARD, Chief Judge.

Plaintiff alleged that his property was damaged and that he sustained personal injuries as a proximate result of the actionable negligence of the defendant in the operation of the defendant's automobile. Defendant denied negligence and alleged contributory negligence on the part of the plaintiff in the operation of his automobile.

The trial judge submitted only three issues to the jury which were answered as follows:

"I. Was the plaintiff's automobile damaged and was the plaintiff injured by the negligence of the defendant as alleged in the complaint?

ANSWER: Yes.

II. Did the plaintiff, by his negligence contribute to his own injury?

ANSWER: No.

III. What damage if any is the plaintiff entitled to recover?

ANSWER: $2,628.00."

Defendant assigns an error portions of the instructions to the jury and the failure of the trial judge to apply the law to the facts in the case.

[1, 2] The appellant contends, and we agree, that the trial judge committed error in the charge in that he failed to properly define negligence or proximate cause and failed to even mention foreseeability as a requisite of proximate cause. See *Regan v. Player,* 13 N.C. App. 593, 186 S.E. 2d 688 (1972), *cert. denied,* 281 N.C. 154; *Ward v. Worley,* 12 N.C. App. 555, 183 S.E. 2d 818 (1971); *Keener v. Litsinger,* 11 N.C. App. 590, 181 S.E. 2d 781 (1971). The trial judge also failed to instruct the jury as to what facts if found would constitute negligence and contributory negligence. G.S. 1A-1, Rule 51(a).

[3] There was also error in the charge on the measure of damages and the applicability of the law to the evidence relating to the issue of damages. The trial judge should have separated the issue as to damages into two parts — one related to personal injuries and the other related to property damage. The measure of damages is different as to each. The evidence as to the damages was different, and the applicability of the law to the evidence was therefore different. It is a most difficult undertaking to properly instruct the jury as to personal injury and property damage combined into one issue. Suffice it to say that the trial judge in this case did not do so.

Appellant has other assignments of error to the charge, but they may not recur upon a new trial. For errors in the charge, the defendant is entitled to a new trial and it is so ordered.

New Trial.

Judges CAMPBELL and BRITT concur.