COOPER-HARRIS, INC.
v.
VICTOR E. ESCALLE, JR. AND EDGAR EARL CARTER
v.
ANDREW V. WILLIAMS, THIRD PARTY DEFENDANT

No. 7315DC724

(Filed 28 November 1973)

**Automobiles § 90; Negligence § 40— proximate cause — foreseeability — instructions**

    An instruction that the proximate cause of an injury is one that produces the result in continuous sequence and without which it would not have occurred is erroneous in failing to include foreseeability as an element of proximate cause.

APPEAL from *Peele, Judge,* 26 March 1973 Civil Session of CHATHAM County District Court.

Plaintiff instituted this action to recover property damages suffered in a collision between a wrecker owned by plaintiff and a vehicle owned and operated by the original defendants. Original defendants counterclaimed, seeking to recover for property damage and personal injuries. In addition, original defendants impleaded the third party defendant—driver of the wrecker truck owned by plaintiff—to recover damages to personal property and personal injuries.

The evidence presented at the trial tended to show the following:

That on 7 June 1972 the third party defendant, an employee of plaintiff, was operating a wrecker owned by plaintiff in a westerly direction on U. S. Highway No. 64. Defendant

Escalle an employee of defendant Carter—was operating a vehicle owned by Carter, in a westerly direction on 64, and he was to the rear of the vehicle driven by Williams. The vehicle driven by Escalle pulled out to pass the Williams vehicle, and as it did so, the Williams vehicle attempted to make a left turn off the road, and the two vehicles collided. Escalle contended that he sounded his horn before attempting to pass. Williams contends that he gave a left turn signal before attempting to turn. Each party denies the contention of the other.

At the close of plaintiff's evidence, defendant moved for a directed verdict. At the close of all the evidence, plaintiff moved for a directed verdict, and defendant renewed his motion. All motions were denied and the case was submitted to the jury on the following charge:

"Now, in order to answer the first issue 'yes,' you should be satisfied of three things. First, that this vehicle was damaged; second, that the defendants—that the defendants were negligent; and third, that the defendants' negligence was a proximate cause of the damage.

*    *    *

By proximate cause I mean that an act is the proximate cause of an injury when in a natural and continuous sequence unbroken by any new and independent cause produced the injury complained of and without which the injury would not have occurred."

The jury returned a special verdict in favor of the original defendants, whereupon the trial court entered judgment that plaintiff recover nothing of the original defendants and that original defendants recover from plaintiff and third party defendant. To the signing and entry of this judgment, plaintiff and third party defendant appeal.

*Gunn and Messick, by Paul S. Messick, Jr., for plaintiff appellant.*

*Miller, Beck, and O'Briant, by Adam W. Beck, for defendant appellees.*

MORRIS, Judge.

Plaintiff presents multiple assignments of error, including the failure of the trial court to instruct the jury on foreseeability as an element of proximate cause. We do not deem it necessary

---

---

to discuss all the assignments of error, since the latter assignment of error is dispositive of plaintiff's appeal.

It is well established that foreseeability is an element of proximate cause in North Carolina. *Ratliff v. Power Co.*, 268 N.C. 605, 151 S.E. 2d 641 (1966) ; *Pettus v. Sanders,* 259 N.C. 211, 130 S.E. 2d 330 (1963). See also Byrd, *Proximate Cause in North Carolina Tort Law,* 51 N.C. L. Rev. 951 (1973).

It is equally well established that the trial court's failure to include foreseeability as an element of proximate cause is error, and the party prejudiced thereby is entitled to a new trial. *Barefoot v. Joyner,* 270 N.C. 388, 154 S.E. 2d 543 (1967) ; *Ratliff v. Power Co., supra; Regan v. Player,* 13 N.C. App. 593, 186 S.E. 2d 688 (1972) ; *Keener v. Litsinger,* 11 N.C. App. 590, 181 S.E. 2d 781 (1971). In *Barefoot* and *Ratliff, supra,* the Supreme Court specifically rejected charges on proximate cause which—like the charge before us—were "but for" tests of proximate cause.

The distinction between the "but for" test of proximate cause and a test which includes the element of foreseeability has been ably stated by Justice Lake.

"An event which is a 'but for' cause of another event— that is, a cause without which the second event would not have taken place—is not, necessarily, the proximate cause of the second event. While one event cannot be the proximate cause of another if, had the first event not occurred, the second would have occurred anyway, *Henderson v. Powell,* 221 N.C. 239, 19 S.E. 2d 876, the reverse is not necessarily true. A 'but for' cause may be a remote event from which no injury to anyone could possibly have been foreseen. Foreseeability of some injury from an act or omission is a prerequisite to its being a proximate cause of the injury for which the plaintiff seeks to recover damages. *Nance v. Parks,* 266 N.C. 206, 146 S.E. 2d 24." *Ratliff v. Power Co., supra,* at 614.

Since foreseeability is an element of proximate cause and the trial court's charge was erroneous in this respect, plaintiff is entitled to a

New trial.

Judges BRITT and HEDRICK concur.